# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DEINA CAPITANI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:19-cv-00120 |
| | ) |
| WORLD OF MINIATURE BEARS, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Dina Capitani brought this copyright infringement action against World of Miniature Bears, Inc. ("WMB") and MiniBears Gems & Gifts, Inc. (collectively, "Defendants") alleging that Defendants sell products that illegally infringe on her registered dog illustrations. On November 20, 2019, the Magistrate Judge granted the parties' Joint Motion to Extend Deadlines (Doc. No. 25) in the Initial Case Management Order to allow, among other things, written discovery to be completed by January 15, 2020, and all party and fact witness depositions to be completed by February 28, 2020.[1] (See Doc. No. 26.) Two weeks later, and before the parties had completed written discovery or taken any depositions, WMB filed the instant Motion for Summary Judgment Regarding Copyright Infringement (Doc. No. 30), which has been fully briefed by the parties (see Doc. Nos. 31–34, 36–37, 39–40). In response, Capitani argues that the Court should deny or defer the motion for summary judgment because she did not have an adequate opportunity to conduct discovery before her response deadline. (Doc. No. 36 at 11.)

---

[1] The deadline to complete party and fact witness depositions was further extended to March 13, 2020. (See Doc. Nos. 43, 47.)

Pursuant to Federal Rule of Civil Procedure 56, motions for summary judgment are usually based on the results of discovery – i.e., "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(a). Although Rule 56(b) allows a party to file for summary judgment "at any time," "[t]he general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." Vance v. United States, 90 F.3d 1145, 1149 (6th Cir. 1996); Ball v. Union Carbide Corp., 385 F.3d 713, 719 (6th Cir. 2004) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986) ("It is well-established that the plaintiff must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment.")). Rule 56(d) thus authorizes a court to "(1) defer considering [a summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order" upon a nonmovant's showing that "it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Although non-movants are normally obligated to inform the Court of their discovery needs by filing an affidavit under Federal Rule of Civil Procedure 56(d), such formal procedures "may not be required 'when a party has clearly explained its need for more discovery . . . prior to or contemporaneously with the motion for summary judgment.'" Unan v. Lyon, 853 F.3d 279, 292 (6th Cir. 2017) (quoting United States v. Rohner, 634 F. App'x 495, 504 (6th Cir. 2015)).

Guided by these rules, the Court finds that WMB's Motion for Summary Judgment was premature. Capitani should have been afforded a full opportunity to obtain discovery and depose witnesses before being forced to respond to a summary judgment motion. Because Capitani's response to the motion for summary judgment, including the attached Declaration of Autumn L.

Gentry (Doc. No. 36-1), satisfactorily apprises the Court of her discovery needs, the Court finds that the more appropriate procedure is to defer summary judgment until after the parties have had a full opportunity to conduct discovery in this case. See Moore v. Shelby Cty., Ky., 718 F. App'x 315, 319 (6th Cir. 2017) (reversing grant of summary judgment as premature and observing that "[c]ommon sense dictates that before a district court tests a party's evidence, the party should have the opportunity to develop and discover evidence").

Accordingly, WMB's Motion for Summary Judgment Regarding Copyright Infringement (Doc. No. 30) is **DENIED WITHOUT PREJUDICE** to it being refiled now that the parties have had an adequate opportunity to conduct discovery. The dispositive motion deadline of April 22, 2020 remains in place, and this matter remains referred to the Magistrate Judge for ongoing case management.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE