UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DINA CAPITANI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:19-cv-00120 |
| | ) |
| WORLD OF MINIATURE BEARS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Dina Capitani brought this action against World of Miniature Bears, Inc. ("WMB") and MiniBears Gems & Gifts, Inc. ("MBG") (collectively, "Defendants") under the Copyright Act, 17 U.S.C. §§ 101–1401, alleging that Defendants infringed on her copyright interests in a volume of illustrations titled "Doggie Doodles by Dina Volume II" ("Doggie Doodles"). Before the Court are three motions that are ripe for decision: (1) MBG's Motion for Summary Judgment (Doc. No. 55; see also Doc. Nos. 56, 68, 71); (2) WMB's Motion for Summary Judgment (Doc. No. 51; see also Doc. Nos. 52, 64, 70); and (3) Capitani's Motion for Summary Judgment (Doc. No. 60; see also Doc. Nos. 61, 66, 72).

Given that this case is set for a bench trial on September 1, 2020, and the Court is writing only for the benefit of the parties at this point, it is unnecessary to recite the entire factual background of this case. Moreover, although the Court has carefully considered the parties' positions and exhaustive briefing, it need not spill nearly as much ink resolving the pending motions for summary judgment. This is a result of the governing rule itself: the court shall grant summary judgment only where (1) "the movant shows that there is no genuine dispute as to any material fact," and (2) "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). Rule 56(a) requires the Court to "state on the record the reasons for granting or denying the motion," but both "the form and detail of the statement of reasons are left to the court's discretion." See 2010 Adv. Comm. Notes. Consequently, district courts are not required "to write elaborate essays using talismanic phrase," Jackson v. Fed. Exp., 766 F.3d 189, 197 (2d Cir. 2014), particularly when they are denying summary judgment. See also United States v. Massachusetts, 781 F. Supp. 2d 1, 19–20 (D. Mass. 2011). What "is required is a record sufficient to allow an informed appellate review," id., and in most cases "a district court's determination that there exists a triable issue of fact cannot be appealed on an interlocutory basis," Gregory v. City of Louisville, 444 F.3d 725, 742 (6th Cir. 2006). With these standards in mind, the Court will now explain why the three pending motions for summary judgment will be denied.

First, MBG's motion for summary judgment will be denied because there are several factual disputes about whether the "first sale doctrine" protects MBG from copyright infringement liability. This doctrine, which is codified at 17 U.SC. § 109, provides that once a copyright owner releases a copyrighted item "lawfully made under this title" (by sale, gift, or otherwise), the copyright owner relinquishes all rights to that particular copy. Quality King Distribs. Inc. v. L'anza Research Intern., Inc., 523 U.S. 135, 145 (1998); Brilliance Audio, Inc. v. Haights Cross Commc'ns, Inc., 474 F.3d 365, 373 (6th Cir. 2007). As the parties have recognized, "[t]he Sixth Circuit has not addressed the issue of which party bears the burden of proof on the first sale doctrine in a civil case," but "at least two district courts in the Sixth Circuit and a majority of other district courts have held the defendant in a civil case bears the burden of proving the product at issue was lawfully purchased before it may invoke the first sale defense." RFA Brands, LLC v. Beauvais, No. 13-14615, 2014 WL 7780975, at *7 (E.D. Mich. Dec. 23, 2014) (citing Perry v. Herd, No. 1:04-cv-195, 2006 WL 335522, at *13 (E.D. Tenn. Feb. 14, 2006)).

2

Here, the parties dispute whether the 1,248 wall clocks MBG received from Minhou Bolai Arts & Crafts Co., LTD in September 2014, or the 2,000 clocks it received from Joaquin Imports and Exports in January 2019 were "lawfully made" to implicate the first sale doctrine. MBG argues that these wall clocks were lawfully manufactured pursuant to a licensing agreement between Capitani and Geoffrey & Cathy Roebuck (Doc. No. 1-8), whereas Capitani argues that the clocks were not lawfully made because they were impermissibly manufactured after the licensing agreement expired on August 1, 2014.[1] The parties also dispute whether Mr. Roebuck's $800 royalty payment to Capitani constituted a sale of the clocks at issue. Accordingly, there is a need for trial on this potentially dispositive issue because, based on the evidence presented on summary judgment, whether the first sale doctrine protects MBG from liability may reasonably be resolved in favor of either party. Anderson, 477 U.S. at 250.

Second, although WMB's motion for summary judgment presents a much closer call, it will also be denied because there is a dispute of material fact regarding whether WMB may have been doing business as "MiniBearGems" or assisting MBG to sell the allegedly infringing wall clocks. It is undisputed that WMB and MBG share the same owner and president (Theresa Yang), manager (Chris Nimeth), and business office and warehouse. (Doc. No. 67 ¶¶ 12–16.) Capitani has also offered evidence that "MiniBearGems" is listed as the seller of the allegedly infringing wall clocks on www.amazon.com ("Amazon"), (Doc. No. 64-4 at 35–40), and WMB's website refers the public to "MiniBearGems.com" for retail purchases, (see id. at 33, 41–42). These Amazon listings also include a "Product Description" stating that "World of Miniature was founded by the talented artist Theresa Yang in 1996," (see id. at 35–40), and Mr. Nimeth testified

---

[1] By making this argument on summary judgment, Capitani does not concede that the licensing agreement naturally expired on August 1, 2014, rather than by termination on May 21, 2014. (See Doc. No. 68 at 12.)

3

that MBG used WMB's name in marketing "to instill trust in any potential customers," (id. at 31–32). See Medallic Art Co., Ltd. v. Novus Marketing, Inc., No. 99 Civ. 502(JSM), 2003 WL 22053139, at *1 (S.D.N.Y. Sept. 2, 2003) (noting that both the manufacturer of infringing products and the company "involved in advertising the infringing product for sale . . . are both liable to Plaintiff as contributory infringers"). Although Mr. Nimeth adamantly discredited this evidence at his deposition by testifying that "[WMB] has no connection to the clocks in question," (Doc. No. 52-2 at 15–16), the Court must wait until trial to judge his credibility and determine whether WMB has any causal connection to the alleged infringement. For now, viewing the facts in the light most favorable to Capitani without weighing the evidence or judging the credibility of witnesses,[2] the Court finds that she has at least provided enough evidence to survive summary judgment on her copyright infringement claims against WMB.

Last, Capitani's cross motion for summary judgment will be denied for inverse reasons. As explained above, there is a dispute of fact regarding whether the first sale doctrine applies here, and if it does, there could be no infringement because Capitani would not have had the exclusive copyrights over the wall clocks at issue in this case. For this reason alone, Capitani is not entitled to summary judgment, and it would not be an efficient use of judicial resources at this time to decide the equally-dispositive-but-potentially-academic question of whether she has shown that

---

[2] "[W]here, as here, the parties filed cross-motions for summary judgment, 'the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.'" McKay v. Federspiel, 823 F.3d 862, 866 (6th Cir. 2016) (quoting Taft Broad. Co. v. United States, 929 F.2d 240, 248 (6th Cir. 1991)).

Defendants "cop[ied] . . . constituent elements of [her Doggie Doodles] that are original."[3] See Stromback v. New Line Cinema, 384 F.3d 283, 293 (6th Cir. 2004).

For the foregoing reasons, (1) MBG's Motion for Summary Judgment (Doc. No. 55) is **DENIED**; (2) WMB's Motion for Summary Judgment (Doc. No. 51) is **DENIED**; and (3) Capitani's Motion for Summary Judgment (Doc. No. 60) is **DENIED**. As a final note, in preparing for the bench trial currently set for **September 1, 2020**, the parties may want to reconsider their respective positions on settlement because the summary judgment record suggests to the Court that either party could be successful at trial.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] On the other hand, the Court would like to address Defendants' suggestion that Capitani must prove Defendants were "aware of the copyright prior to this litigation." (Doc. No. 66 at 8.) The Court agrees with Capitani that this is an inaccurate statement of law. (Doc. No. 72 at 3.) "Copyright infringement . . . is at its core a strict liability cause of action, and copyright law imposes liability even in the absence of an intent to infringe the rights of the copyright holder." Jacobs v. Memphis Convention and Visitors Bureau, 710 F. Supp. 2d 663, 677–78 n.21 (W.D. Tenn. 2010) (collecting cases and noting that this is a "fundamental tenet of the Copyright Act"). Thus, Defendants would be unwise to make this argument again at trial.