IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DINA CAPITANI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:19–cv–00120 |
| | ) |
| WORLD OF MINIATURE BEARS, INC., | ) |
| et al. | ) Judge Crenshaw |
| | ) Magistrate Judge Frensley |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' TRIAL BRIEF ON DAMAGES**

Plaintiff Dina Capitani ("Plaintiff" or "Ms. Capitani") responds in opposition to Defendants' Trial Brief on Damages (Doc. 93) as follows.

**I.   PLAINTIFF HAS THE OPTION OF ELECTING STATUTORY DAMAGES AT ANY TIME BEFORE FINAL JUDGMENT.**

Defendants erroneously contend that in almost all cases where statutory damages are applied "it is due to willful infringement." Defs' brief, p. 5. Defendants' assertion is completely without merit.

Section 504(c) of the Copyright Act permits a copyright owner to elect, at any time before final judgment is rendered "to recover, instead of actual damages and profits, an award of statutory damages." 17 U.S.C. § 504(c)(1); *see also Digital Filing Sys., L.L.C. v. Aditya Int'l,* 323 Fed. Appx. 407, 412 (6th Cir. 2009). In fact, in the very case cited by Defendants, the Sixth Circuit correctly held that:

> Digital Filing Systems chose the option of recovering statutory damages under § 504(c) in lieu of actual damages. In copyright infringement cases, the district court has discretion to award statutory damages of any amount between [the] minimum and maximum for each infringement.

> Having concluded that infringement occurred, and based on Plaintiff's election of statutory damages, the district court *was obligated* to make an award of statutory damages for *each* infringement, though it has broad discretion concerning the amount awarded within the minimum and maximum statutory boundaries.

*Digital Filing Sys., L.L.C.*, Fed. Appx. at 412 (emphasis added). Based upon the Copyright Act, the district court awarded the plaintiff *statutory damages* for *innocent* infringement as the plaintiff could not prove willfulness. Therefore, Defendants' contention that in almost all cases where statutory damages are applied, it is for willfulness is without merit.

**II. UNDER 17 U.S.C. § 504(c), STATUTORY DAMAGES FOR INNOCENT INFRINGEMENT IS BETWEEN $750 TO $30,000, AND STATUTORY DAMAGES FOR WILLFUL OR RECKLESS INFRINGEMENT IS UP TO $150,000 PER INFRINGED WORKED.**

Defendants next claim that the amount for innocent infringement is between $500 and $20,000 per infringed worked. Defs' brief, p. 2. Defendants are once again incorrect, as the very statute they cite, 17 U.S.C. § 504(c)(1), explicitly states unless the infringement is found to be willful, a plaintiff may elect statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). These are the same amounts referenced in other cases cited by Defendants such as *Digital Filing Sys., L.L.C. v. Aditya Int'l,* 323 Fed. Appx. 407, 412 (6th Cir. 2009) and *Hamlin v. Trans-Dapt of California, Inc.*, 584 F. Supp. 2d 1050, 1054, (M.D. Tenn. 2008)

Where the infringement is considered to be willful, the statutory damages, in the court's discretion, may be increased up to $150,000 per infringed work. 17 U.S.C. § 504(c)(2). An infringer acts willfully when he knows that his conduct constitutes copyright infringement *or acts with reckless disregard* of the copyright holder's property rights. *Zomba Enters., Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 584-85 (6th Cir. 2007). Such damages are warranted in the case at bar.

Defendants did nothing to actually verify whether or not the infringing products they acquired were licensed or what their obligations were under copyright law. Defendants never requested a copy of the licensing agreement Roebuck claimed he had to lawfully sell the infringing products and never inquired why the "licensed" product did not contain a copyright designation, despite Roebuck claiming they were "licensed."

As online sellers of product for numerous years, Defendants should be deemed as a matter of law to have been on at least constructive notice of their obligations to comply with U.S. copyright law which Defendants willfully or recklessly failed to do. Instead, the only action they took to ensure it complied with U.S. copyright laws is to simply accept a seller's oral representation that the products they purchased were licensed. As a result, Defendants never demanded that its seller provide any proof of his compliance with U.S. copyright laws. Such conduct is a flagrant and reckless disregard for U.S. copyright laws and the rights of artists. As a result, the Court should deem Defendants' conduct as willful.

### III. PLAINTIFF IS ENTITLED TO STATUTORY DAMAGES FOR EACH WORK DEFENDANTS INFRINGED UPON.

Lastly, Defendants seem to contend that Plaintiff is seeking damages for *each copy* of each infringed work infringed upon. Plaintiff has not made that argument and that is not the law. Rather, Plaintiff is asking that statutory damages be assessed against Defendants for *each work* (or each breed illustration) they infringed upon regardless of how many copies of that work they infringed upon.

As stated in another case cited by Defendants, "the total number of awards of statutory damages that a plaintiff may recover in any given action depends on the number of *works* that are infringed *and the number of individually liable infringers*, regardless of the number of infringements of those works." *Hamlin v. Trans-Dapt of California, Inc.*, 584 F. Supp. 2d 1050, 1055, 2008 WL

4788254 (M.D. Tenn. 2008) (quoting *WB Music Corp. v. RTV Comm'n Group, Inc.,* 445 F.3d 538, 540, 541 (2d Cir.2006)). However, where there are two are more infringers, the legislative history of section 504 is particularly direct on this point:

> Where the infringements of one work were committed by a *single* infringer acting individually, a single award of statutory damages would be made.... However, where *separate infringements* for which *two or more defendants are not jointly liable* are joined in the same action, *separate awards of statutory damages would be appropriate*.

*Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 144, n. 11 (5th Cir. 1992). Accordingly, Plaintiff is entitled to statutory damages for each work Defendants infringed upon.

### IV. ALTHOUGH REGISTERED TOGETHER, EACH ONE OF PLAINTIFF'S ILLUSTRATIONS IS A SEPARATE WORK.

Every individual portrait that Plaintiff has created is a separate work and Plaintiff can recover statutory damages for each one. "In copyright law, a "work"—as its name implies—reflects an original expression, whether in the form of art, literature, music, or another tangible medium of expression, that may be entitled to protection." *Sullivan v. Flora,* 936 F.3d 562, 567-568 (7th Cir. 2019); 17 U.S.C. § 102(a).

An artist seeking copyright protection for multiple works can do so in a single registration application. *See* 17 U.S.C. § 408(c)(1) (allowing for a single registration for a group of related works); 37 C.F.R. § 202.3(b)(4) (same); *see also* 2 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 7.18(c) (Rev. Ed. 2019) (discussing the Copyright Act's flexible approach in allowing a single registration for multiple works). According to these regulations, "the copyrights in multiple works may be registered *on a single form . . .* **while still qualifying as separate works for purposes of awarding statutory damages**." *Gamma Audio & Video, Inc. v. Ean-Chea,* 11 F.3d 1106, 1117 (1st Cir. 1993) (emphasis added); *accord Sullivan,* 936 F.3d at 568. Therefore, the

4

fact that Plaintiff's works are registered on a single form does not preclude a finding that each portrait is a separate work.

To determine whether works that are registered on one copyright certificate remain independent works for damages purposes, federal courts throughout the country turn to the "independent economic value test" first articulated in *Gamma Audio*. *Gamma Audio,* 11 F.3d at 116-117. This test evaluates "whether the protected works have value only in and through their composite whole (and thus meet the definition of a "compilation" in § 101) or instead have standalone value at the level of 'one work.'" *Sullivan,* 936 F.3d at 571; *accord VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 747 (9th Cir. 2019) (adhering to its discussion in *Columbia Pictures Television, Inc. v. Krypton Bd. of Birmingham, Inc.,* 259 F.3d 1186 (9th Cir. 2001)) and explaining that "the question of whether something—like a photo, television episode, or so forth—has 'independent economic value' informs our analysis of whether the photo or episode is a work" within the meaning of § 504(c)(1)); *MCA Television Ltd. v. Feltner*, 89 F.3d 766, 769 (11th Cir. 1996) (employing the same test to determine "whether each expression has an independent economic value and is, in itself, viable"); *Walt Disney Co. v. Powell*, 897 F.2d 565, 570 (D.C. Cir. 1990) (asking whether certain copyrighted materials are "distinct, viable works with separate economic value and copyright lives" to determine the scope of available statutory damages under § 504(c)(1)).

A protected work has standalone value if the evidence shows that work has distinct and discernable value to the copyright holder. *Sullivan,* 936 F.3d at 571; *accord Gamma Audio*, 11 F.3d at 1116 (explaining that "separate copyrights are not distinct 'works' unless they can live their own copyright life"—a viability determination that turns on whether the work in question has independent economic value); *see also Feltner*, 89 F.3d at 769; *Walt Disney Co.,* 897 F.2d at 569.

For instance, the court in *Sullivan* determined that 33 related illustrations registered together on one copyright could be considered separate works for damages purposes (although it remanded the case to the district court in order to develop the factual record on this issue). *Sullivan*, 936 F.3d at 572; *see also Kennedy v. Gish, Sherwood & Friends, Inc.*, 143 F. Supp. 3d 898, 915 (E.D. Mo. 2015) (finding that statutory damages may be appropriate on each individual photograph registered on a single certificate where "all of the photographs at issue were infringed on an individual basis. The fact that they appeared together on a website should not detract from the protection afforded to each individual effort."). Considering this standard, Plaintiff's portraits are separate works regardless of how they were registered. Each portrait plainly has its own standalone value and "can live their own copyright life." Indeed, they are entirely different images. Defendants do not sell the infringing products as "compilations."

Like the photographs in *Kennedy*, each portrait is infringed upon on an individual basis – no one product contains more than one protected work. Therefore, Plaintiff can recover statutory damages for every infringed work at issue in this litigation because each work has distinct and discernable value to Plaintiff. This is consistent with this Court's Order in *Capitani I* where the Court ordered that Roebucks pay, in part, statutory damages to Plaintiff in the amount of $1,500 for *each* of the 20 illustrations Defendants' infringed upon, for a total of $30,000. (*Capitani I*, Doc. 33).

## V.   CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that if the Court finds Defendants liable for copyright infringement, that the Court award Plaintiff statutory damages for Defendants willfully infringing on each of Plaintiff's 20 subject works, as set forth in Plaintiff's Supplemental Brief Regarding Issues for Trial (Doc. 97-1).

Respectfully submitted by:

DICKINSON WRIGHT PLLC

*/s/ Autumn L. Gentry*
Autumn L. Gentry, #20766
Joshua L. Burgener #29077
424 Church Street, Suite 800
Nashville, Tennessee 37219
Phone: (615) 244–6538
Fax: (844) 670–6009
agentry@dickinsonwright.com
jburgener@dickinsonwright.com

Counsel for Plaintiff Dina Capitani

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2020, a true and exact copy of the foregoing has been served on the following via the Court's electronic filing system:

>John A. Beam, III
>Desireé J.C. Goff
>Equitus Law Alliance PLLC
>709 Taylor Street
>P.O. Box 280240
>Nashville, TN 37228
>beam@equituslaw.com
>goff@equituslaw.com

*/s/ Autumn L. Gentry*
Autumn L. Gentry

4837-7918-1513 v1 [99997-70408]