UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DINA CAPITANI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:19-cv-00120 |
| | ) |
| WORLD OF MINIATURE BEARS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Court held a bench trial in this case on September 1 and 2, 2020. As stated at the trial's conclusion, the parties[1] shall submit Proposed Findings of Fact and Conclusions of Law within thirty (30) days after the trial transcript is filed. Each Proposed Finding of Fact should be separately numbered and include a record citation, and each Proposed Conclusion of Law shall contain legal authority.

Within thirty (30) days after the trial transcript is filed, the parties shall also file a separate brief containing their respective closing argument. The parties will then have thirty (30) days to respond to their opponent's brief, and fifteen (15) days after that to file an optional reply.

To assist the Court render a final decision on the merits, the parties' closing briefs should address, among other things, the following issues:

- Did Capitani register with the United States Copyright Office the Stafford Bull Terrier image before bringing this lawsuit? (See Pl.'s Ex. 10 at PageID # 85; Pl.'s Ex. 11 at PageID # 66.)

---

[1] Defendants MiniBears Gems & Gifts, Inc. and World of Miniature Bears, Inc. may submit joint post-trial filings.

- Putting aside any affirmative defenses, did Defendant(s) infringe on Capitani's copyright in "Doggie Doodles by Dina Volume II," (see Joint Exhibit 1), as evidenced by Plaintiff's Exhibits 10–13 and 18–36?

- What specific evidence do you believe establishes *when* Minhou Bolai Arts & Crafts Co., LTD. *manufactured* the 1,248 wall clocks referenced in Defendants' Exhibit 9? In addressing this question, you should also explain why you believe these clocks were lawfully manufactured pursuant to the Capitani-Roebuck License Agreement (Plaintiff's Exhibits 2–3) or any other authority, and whether Capitani placed these clocks in the stream of commerce under 17 U.S.C. § 109.

- Assuming for discussion purposes only that Capitani has established liability, can she receive *additional* statutory damages from Defendant(s) for copyright infringement of images that she already received statutory damages for in Capitani v. Roebuck et al., No. 3:16-cv-740 (M.D. Tenn.) ("Capitani I")? For example, if the Court's October 27, 2017 Order in Capitani I awarded Capitani statutory damages for Roebuck's infringement of her copyright in her Bichon Frise image, can the Court award additional, separate statutory damages for Defendant(s)' infringement of her copyright in the same Bichon Frise image? Please cite and discuss legal authority for your position.

- Regardless of the answer to the above question, does the Court have authority to enter an order in this separate case holding Defendant(s) jointly and severally liable for some or all of the statutory damages awarded in Capitani I? Please cite and discuss legal authority for your position.

- Do the parties agree that Plaintiff did not receive any payment from the Defendants in Capitani I? If Plaintiff did receive payment, can the parties agree on the amount received by Plaintiff?

- How should the Court treat the $800.00 cash royalty payment Plaintiff received from Roebuck?

- After judgment entered in Capitani I, specify when did Plaintiff discover sales and what images were involved.

The Court reserves decision on whether further oral argument is warranted until after it receives the parties' post-trial filings.

Last, these deadlines should not deter the parties from considering further efforts to settle any or all issues before the Court.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE