UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DINA CAPITANI )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>WORLD OF MINIATURE BEARS, INC., )<br>and MINIBEARSGEMS & GIFTS, INC., )<br>)<br>    Defendants. ) | Civil Action No. 3:19-cv-00120 |

**DEFENDANT WORLD OF MINIATURE BEARS, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

COMES NOW, Defendant World of Miniature Bears, Inc., by and through counsel, and moves the Court provide attorney fees to the prevailing party. World of Miniature Bears, Inc. requests attorney fees as prevailing party.

**STATEMENT OF CASE**

This case was filed on February 6, 2019 by Plaintiff Dina Capitani alleging copyright infringement under the Copyright Act of the United States. (Doc. 1, PageID# 1) On March 8, 2019, World of Miniature Bears, Inc. filed an Answer, denying selling or shipping any item which infringes Plaintiff's copyright protections. (Doc. 8, PageID# 107) On August 2, 2021, the court entered judgment in favor of World of Miniature Bears, Inc., because Plaintiff Capitani failed to show her images were used by World of Miniature Bears, Inc. (Doc. 122, PageID# 2300)

1

## LEGAL STANDARD

An award of attorney fees to the prevailing party in a copyright action "is the rule rather than the exception and [they] should be awarded routinely." Thoroughbred Software, 488 F.3d at 362 (citing Positive Black Talk, Inc. v. Cash Money Records, Inc., 394 F.3d 357, 380 (5th Cir. 2004). The Court "uses four non-exclusive factors to determine whether to award attorney's fees in a copyright action: 'frivolousness of the claim, motivation, reasonableness, and deterrence.'" Coles v. Wonder, 283 F.3d 798, 804 (6th Cir. 2002) (citing Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994)).

Reasonable attorney's fees are calculated using the lodestar method. Under this method, the court first determines the lodestar amount by multiplying the reasonable number of hours billed by the prevailing attorneys with a reasonable hourly rate. Gonter v. Hunt Valve Co., 510 F.3d 610, 616 (6th Cir. 2007); Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir. 1999). Next, the court adjusts that amount up or down based on a number of factors. These factors are:

> (1) the time required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Graceland Fruit, Inc. v. KIC Chemicals, Inc., 320 F. App'x 323, 328-29 (6th Cir. 2008) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974)).

## LEGAL ARGUMENT

I.  **WORLD OF MINIATURE BEARS, INC. RESPECTFULLY REQUESTS AN AWARD OF ATTORNEY'S FEES AND DISCRETIONARY COSTS.**

As a result of prevailing on its defense from the allegations made by Plaintiff, World of Miniature Bears, Inc. now respectfully requests the court to exercise the routine practice in awarding attorneys fees and costs to the prevailing party in a copyright action pursuant to 17 U.S.C. § 505. The discretion to grant attorney fees in copyright infringement cases is exercised in an evenhanded manner with respect to prevailing plaintiffs and prevailing defendants, and in a manner consistent with the primary purposes of the Copyright Act. <u>Bridgeport Music, Inc. v. Diamond Time, LTD.</u>, 371 F.3d 883, 893 (6th Cir. 2004)

The circumstances in this case warrant attorneys fees because Defendant World of Miniature Bears, Inc. did not take or use Plaintiff's images and any modest amount of due diligence would reveal who was selling her images. World of Miniature Bears, Inc. is a wholesale distributor of handmade miniature stuffed bears. (Doc. 109, PageID# 2068; Doc. 121, PageID# 2280, Finding of Fact #27) World of Miniature Bears, Inc. never sold any products containing dog images, let alone wagging tail dog wall clocks. Here, the Court found that Defendant World of Miniature Bears, Inc. was not liable for copyright infringement because it is a separate company that conducts business differently than MiniBear Gems & Gifts, Inc. (Doc. 121, PageID# 2286) The Court found that World of Miniature Bears does not sell any products online and was not listed as a shipper or seller on any wall clocks at issue in this case. (Id. at PageID# 2286) Furthermore, the Court found that even Plaintiff conceded she never saw any product bearing her images on the World of Miniature Bears, Inc. website. (Id. at PageID# 2287) Plaintiff frivolously brought World of Miniature Bears, Inc. into this litigation because Plaintiff sought a windfall. It was not reasonable for Plaintiff to assume that World of Miniature Bears, Inc. was the seller when nothing stated World of Miniature Bears except a clearly erroneous

product description of a stuffed bear. Given that Plaintiff's images were on dog wagging tail wall clocks and not a stuffed bear, Plaintiff was not reasonable in including World of Miniature Bears, Inc. in this litigation. The Sixth Circuit adopted a non-exclusive four factor test in <u>Coles v. Wonder</u>, 283 F.3d 798, 804 (6th Cir. 2002), which evaluated four non-exclusive factors in determining attorneys fees to defendants: frivolousness, motivation, reasonableness, and deterrence. Attorney fees encourage defendants to advance meritorious copyright defenses as furtherance of the Copyright Act just as much as a successful prosecution by a starving Artist. <u>Id</u>. Here, Defendant World of Miniature Bears, Inc. is owned by Theresa Yang. Ms. Yang's testimony demonstrated the artistry involved in making and selling miniature stuffed bears. (Doc. 109, PageID# 2058, 2064-2065, 2067) World of Miniature Bears, Inc. advanced a successful defense, an award of attorneys fees furthers the Copyright Act as stated in <u>Coles</u> by serving as a deterrent to abusing the strict liability imposed under the Copyright Act.

    Considering the relative complexity of this case, the amount of hours spent on this case are reasonable and necessary in order to achieve the desired result. Defendant World of Miniature Bears, Inc. engaged in written discovery necessary to determine why it was even named in this litigation, and at the request of the court submitted two motions for summary judgment (Doc. 49). Additionally, Defendant World of Miniature Bears, Inc. prepared for a jury trial which subsequently became a bench trial. (Doc. 82) Defendant World of Miniature Bears, Inc. attaches counsel's affidavit and description of the necessary defenses which resulted in World of Miniature Bears, Inc. prevailing. (Aff. J. Beam, attached) The hourly rates at which counsel charged are in accordance with the relative rates in the area market and the investment and performance of proper legal services by counsel.

The starting point for calculating a reasonable fee is the "lodestar" approach. To calculate the lodestar, the Court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. After the proper lodestar figure is determined, the Court can adjust that amount by a multiplier or percentage based on a twelve-factor test designed to ensure that the ultimate award is reasonable. Reed, Id.

The twelve factor test was enunciated by the Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) as factors that trial courts may consider in calculating reasonable attorney's fees. The Sixth Circuit has held that the trial court may apply the Johnson factors either after the Court's initial valuation of the hours reasonably expended at a reasonable rate, or during the Court's initial valuation. The Court should first make an initial valuation, then examine the award against the Johnson factors or analyze those factors into the initial calculation. United Slate, Tile, & Composition Roofers v. G & M Roofing & Sheet Metal Co., 732 F. 2d 495 (6th Cir. 1984). The twelve Johnson factors are as follows:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).

In considering Mr. Beam's affidavit in light of the twelve Johnson factors, the Plaintiff respectfully requests the approval of the attorney fees and discretionary costs in light of the bench trial order, the time required to prepare this matter, the time required to bring this case to a

5

successful outcome, and the hourly rate requested of $295.00 for Mr. Beam and Mrs. Goff, and $150.00 per hour for paralegals assisting Defendant World of Miniature Bears, Inc. on this matter.

## CONCLUSION

For the foregoing reasons, World of Miniature Bears, Inc. respectfully requests this Court award it attorneys fees as prevailing party and attested to by counsel and pursuant to 17 U.S.C. §505.

Respectfully submitted,

 /s/ Desireé J.C. Goff
John A. Beam, III (BPR #11796)
Desireé J.C. Goff (BPR # 31136)
Equitus Law Alliance, PLLC
709 Taylor Street
P.O. Box 280240
Nashville, Tennessee 37228
Telephone:	(615) 251-3131
Facsimile:	(615) 252-6404
Attorneys for Defendant World of Miniature Bears, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2021, I electronically filed the Memorandum in Support of Motion for Attorney's Fees with the Clerk of this Court using the CM/ECF system which will automatically send email notification of such filing to the following parties who are CM/ECF participants:

Autumn L. Gentry, Esq.
Dickinson Wright, PLLC
424 Church Street, Suite 800
Nashville, Tennessee 37219
Attorney for Plaintiff Capitani

/s/ Desireé Goff
　　　　　　　　　　　　　　　　　　　　Desireé Goff