IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DINA CAPITANI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:19–cv–00120 |
| | ) |
| WORLD OF MINIATURE BEARS, INC., | ) |
| et al. | ) |
| | ) Judge Crenshaw |
| Defendants. | ) Magistrate Judge Frensley |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT MINIBEARS GEMS & GIFTS, INC.'S MOTION TO ALTER OR AMEND
CERTAIN FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Plaintiff Dina Capitani filed this Response in Opposition to Defendant MiniBears Gems & Gifts, Inc.'s Motion to Alter or Amend Certain Findings of Fact and Conclusions of Law (Doc. 126) as follows:

**I. DEFENDANT'S MOTION SHOULD BE DENIED BECAUSE IT FAILS TO COMPLY WITH FED. R. CIV. P. 7(b).**

In its Motion, Defendant requests that the Court "amend Finding of Fact No. 9 that Plaintiff was paid for the Australian bound clocks to a finding of fact that Plaintiff was paid for the one production run of clocks." *Doc. 126, pp. 1-2.* Although not requested in its Motion, Defendant requests in its supporting brief that the Court also "change the corresponding Conclusions of Law to find no infringement and to reflect Plaintiff's consent to use of [sic] her images in commerce, relinquishing any right to the products pursuant 17 U.S.C. § 109." *Doc. 127, p 5.*

Rule 7(b) of the Federal Rules of Civil Procedure mandates that a motion "be in writing unless made during a hearing or trial; state *with particularity* the grounds for seeking the order;

and *state the relief sought*." Fed. R. Civ. P. 7(b)(1)(A)-(C) (emphasis added). However, Defendant failed to include any request in its Motion that the Court alter or amend the "corresponding Conclusions of Law," which are not even identified in Defendant's brief, "to find no infringement and to reflect Plaintiff's consent to use of [sic] her images in commerce, relinquishing any right to the products pursuant 17 U.S.C. § 109." *Doc. 127, p. 5*. Rather, in its Motion, Defendant merely moves for an order to set aside "certain . . . Conclusions of Law."

Defendant's Motion fails to state with particularity the grounds for seeking an order to alter or amend any Conclusions of Law and further fails to seek any relief to alter or amend any Conclusions of Law. As a result, Defendant's Motion fails to comply with Fed. R. Civ. P. 7(b) and should be denied.

## II. DEFENDANT'S MOTION SHOULD BE DENIED BECAUSE IT MERELY SEEKS TO RELITIGATE OLD ISSUES IN CONTRAVENTION OF FED. R. CIV. P. 52(b).

"Relief under Rule 52(b) is proper only upon a showing of a 'manifest error of fact or law' by the trial court, 'newly discovered evidence,' or 'a change in the law.'" *Klumb v. Goan*, No. 2:09-CV-115, 2012 WL 13114829, at *1 (E.D. Tenn. Sept. 28, 2012) (*quoting Dayton Pulmonary Rehabilitation Center, Inc. v. Meridian Healthcare Group, Inc.*, No. 3:10–cv–128, 2012 WL 3527814 *1 (S.D. Ohio Aug. 14, 2012); *Diebitz v. Arreola*, 834 F.Supp. 298, 302 (E.D. Wis. 1993)). Rule 52(b) does not, however, allow parties "to relitigate old issues, to advance new theories, or rehear merits of a case." *Klumb,* 2012 WL 13114829, at *1 (*quoting Dayton Pulmonary*, 2012 WL 3527814 * 1; *Leasure v. AA Advantage Forwarders*, No. 5:03–CV–181–TBR, 2009 WL 1883907, *1 (W.D. Ky. Jun. 30, 2009)).

As stated above, Defendant's motion requests that the Court "amend Finding of Fact No. 9 that Plaintiff was paid for the Australian bound clocks to a finding of fact that Plaintiff was paid for the one production run of clocks." *Doc. 126, pp. 1-2*. Defendant's brief also requests the Court

2

to "change the corresponding Conclusions of Law to find no infringement and to reflect Plaintiff's consent to use of [sic] her images in commerce, relinquishing any right to the products pursuant 17 U.S.C. § 109," *Doc. 127, p. 5*, pursuant to the first sale doctrine. *Id. at p. 3*.

Defendant's Motion should be denied for two reasons. First, Defendant has already argued that Plaintiff was paid for her copyrighted works and had released them into commerce. More specifically, in Defendant's Post Trial Memorandum, Defendant argued that:

> One month after Ms. Capitani was paid for her images, and nine months before the Licensing Agreement is declared in default, in September 2014, the Wagging Tail Dog Wall Clocks were released into commerce and received by MiniBears Gems & Gifts. (Nimeth, Vol. II, Tr. 29-31; Pltf Ex. 15)
>
> * * * *
>
> MiniBears Gems & Gifts received the Wagging Tail Dog Wall Clocks in the stream of commerce immediately after their manufacture in China. Once Ms. Capatani [sic] accepted payment granting authority to Mr. Roebuck to manufacture and sell products bearing her images, the products were placed in commerce. Her acceptance of money and corresponding authorization to use her images extends to down stream purchasers.

*Doc. 110, pp. 10-11.*

As a result, Defendant argued that it "had a right to sell to others under the first-sale doctrine," *id. at p. 11*, which "was explained in *Sturgis v. Hurst*, 2007 U.S. Dist. LEXIS 88902 (E.D. Mich., 2007)," *id.*, the exact same case upon which Defendant relies in its current brief. *Doc. 127*, *p. 3*. In rejecting this argument the Court found:

> 54. Last, MBG argues that, under the first sale doctrine, once Capitani accepted Geoffrey Roebuck's $800 royalty payment and allowed him to manufacture and sell products bearing her images, "she gave up her exclusive right as a copyright holder to control the distribution of her images on Wagging Tail Dog Wall Clocks[.]" (Doc. No. 110 at 9–14). As a result, MBG asserts that Capitani has no statutory claim for copyright infringement. (Id.). **Again, the Court disagrees.**

*Findings of Fact and Conclusions of Law, Doc. 121, p. 17 (emphasis added).*

The Court further found that:

3

58. MBG relies heavily on Sturgis v. Hurst, an unpublished Eastern District of Michigan decision holding that the first sale doctrine prevented the plaintiffs in that case from asserting a claim for copyright infringement of a book when "plaintiffs put the book into the stream of commerce by publishing it and making it available for sale to the general public." No. 07-11301, 2007 WL 4247634, at *3 (E.D. Mich. Dec. 4, 2007). Here, however, Capitani is asserting a copyright infringement claim over products that she never authorized to be sold in the first place. Instead, she merely granted a temporary *license* to Geoffrey Roebuck to sell products bearing her copyrighted images. In lieu of paying Capitani for any of those copies, Geoffrey Roebuck agreed to give her 5% of Minhou Bolai's costs to manufacture the Wagging Tail Dog Wall Clocks. And, as further evidence that Geoffrey Roebuck was not an "owner" of the copies, the Licensing Agreement provided that, upon expiration, he was obligated to either sell the licensed products to Capitani at cost or destroy them. (P. Ex. 2 at 5).

59. The evidence at trial established that MBG received a shipment of wall clocks from Minhou Bolai on Geoffrey Roebuck's behalf and held them on consignment. (Tr. Vol. 1 at 183). Although MBG sold some of those clocks to offset its storage costs, MBG did not pay for the clocks, and neither Geoffrey Roebuck nor Capitani ever sold any of these clocks to MBG. (See Tr. Vol. 2 at 105–07). Thus, MBG (like Geoffrey Roebuck) never owned any products bearing images of Doggie Doodles for purposes of the first sale doctrine.

*Id. at p. 19 (emphasis in original).* As a result, the Court held that:

60. To be sure, if Geoffrey Roebuck complied with his obligations under the Licensing Agreement and lawfully made wall clocks bearing images from Doggie Doodles, the first sale doctrine would prevent Capitani from suing MBG for copyright infringement if MBG purchased those clocks and later resold them. ***But because Capitani never made a sale of her copyrighted images or placed those images into the stream of commerce, the Court concludes that MBG cannot successfully raise an affirmative defense based on the first sale doctrine.***

*Id. (emphasis added).*

Even if Defendant had not already raised this issue, Defendant failed to cite any evidence whatsoever that Ms. Capitani was paid for all clocks produced. Defendant claims that Ms. Capitani testified that "Exhibit 8 showed what Plaintiff was owed for all of the images manufactured on various pieces." *Doc. 127, p. 4.* Yet, Ms. Capitani only testified that the items on Plaintiff's Exhibit 9, which was a purchase order from an Australian retailer, had Ms. Capitani's images on

4

them. *Tr., Vol I, 157:19-25.* Therefore, Ms. Capitani only testified that the items contained on the Australia purchase order were items which contained her images. This testimony in no way supports Defendant's disingenuous argument that Ms. Capitani was paid for all "images manufactured on various pieces." In addition, Ms. Capitani never testified that Exhibit 8 or Exhibit 9 represented all the items that were manufactured bearing her subject works. Moreover, the fact that Ms. Capitani was awarded a judgment against the Roebucks in *Capitani I* for breach of contract for failing to pay her all royalties to which she was entitled, as well as copyright infringement, further supports the fact that Ms. Capitani was *not* paid for all items manufactured with her copyrighted images.

Defendant has failed to show a manifest error of fact of law, newly discovered evidence, or a change in the law required to alter or amend the Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52. *Klumb,* 2012 WL 13114829, at *1. Instead, Defendant simply disagrees with the Court's decision and seeks to relitigate an old issue which is insufficient to alter or amend the Court's decision and judgment. *Id.* at *2. As a result, Defendant's Motion must be denied.

### III. CONCLUSION

Based upon the foregoing law and argument, Plaintiff Dina Capitani respectfully requests that the Court enter an Order denying Defendant MiniBears Gems & Gifts, Inc.'s Motion to Alter or Amend Certain Findings of Fact and Conclusions of Law.

5

Respectfully submitted by:

DICKINSON WRIGHT PLLC


*/s/ Autumn L. Gentry*
Autumn L. Gentry, #20766
Joshua L. Burgener #29077
424 Church Street, Suite 800
Nashville, Tennessee 37219
Phone: (615) 244–6538
Fax: (844) 670–6009
agentry@dickinsonwright.com
jburgener@dickinsonwright.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2021, a true and exact copy of the foregoing has been served on the following via the Court's electronic filing system:

> John A. Beam, III
> Desireé J.C. Goff
> Equitus Law Alliance PLLC
> 709 Taylor Street
> P.O. Box 280240
> Nashville, TN 37228
> beam@equituslaw.com
> goff@equituslaw.com

*/s/ Autumn L. Gentry*
Autumn L. Gentry

4851-3476-0954 v1 [99997-70408]

6

Case 3:19-cv-00120   Document 139   Filed 09/14/21   Page 6 of 6 PageID #: 2427