IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DINA CAPITANI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19–cv–00120 |
| ) | |
| WORLD OF MINIATURE BEARS, INC., ) | |
| et al. ) | |
| ) | Judge Crenshaw |
| Defendants. ) | Magistrate Judge Frensley |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT WORLD OF MINIATURE BEARS, INC.'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff Dina Capitani submits the following Response in Opposition to Defendant World of Miniature Bears, Inc.'s Motion for Attorney's Fees. *Doc. 128*.

## INTRODUCTION

Following a bench trial on September 1 and 2, 2020, the Court entered its Findings of Facts and Conclusions of Law (*Doc. 121*), finding that Defendant MiniBears Gems & Gifts, Inc. ("MBG") was liable to Plaintiff for copyright infringement but that Defendant World of Miniature Bears, Inc. ("WMB") was not liable. While reserving judgment, the Court invited Plaintiff to file a motion for attorney's fees and costs. *Id. at pp. 26-27*. However, despite no similar invitation from the Court to WMB, WMB has filed the instant motion seeking its own attorney's fees as a prevailing defendant (the "Motion"). For the reasons stated herein, the Court should reject WMB's Motion and decline to award WMB its attorney's fees.

# ARGUMENT

## I. WMB'S MOTION SHOULD BE DENIED BECAUSE PLAINTIFF'S CLAIM AGAINST WMB WAS REASONABLE.

The Copyright Act provides that the prevailing party in a copyright action may be awarded reasonable costs and attorney's fees. *See* 17 U.S.C. § 505. In *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 519 (1994), the Supreme Court recognized the broad leeway § 505 gives to district courts—but also established several principles and criteria to guide their decisions. The statutory language, the Supreme Court stated, "clearly connotes discretion," and eschews any "precise rule or formula" for awarding fees. *Id.*, at 533, 534. To that end, the Supreme Court established that a district court may not "award[] attorney's fees as a matter of course;" rather, a court must make a more particularized, case-by-case assessment. *Id.* at 533.

When deciding when to grant attorneys' fees and costs to a successful party, the Sixth Circuit looks to "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence," also called the *Fogerty* factors. *Bridgeport Music, Inc. v. Dimension Films*, 383 F.3d 390, 404–05 (6th Cir.2004) (*quoting Fogerty*, 510 U.S. at 534 n.19). In *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1989 (2016), the Supreme Court further recognized that the "objective reasonableness" factor "carries significant weight." *Accord Everly v. Everly*, No. 3:17-CV-01440, 2019 WL 1470603, at *4 (M.D. Tenn. Apr. 3, 2019) ("[T]he court accords significant weight to [the objective reasonableness] factor.")

Here, Defendant's Motion should be denied because the *Fogerty* factors—and in particular, the objective reasonableness factor—weigh against granting WMB its fees. Courts in the Sixth Circuit have routinely recognized that "it generally does not promote the purposes of the Copyright Act to award attorney fees to a prevailing defendant when the plaintiff has advanced a reasonable,

yet unsuccessful claim." *Bridgeport Music, Inc. v. WB Music Corp*., 520 F.3d 588, 593 (6th Cir. 2008); *see also Waite v. Patch Prod., Inc*., 12 F. App'x 330, 336 (6th Cir. 2001) (declining to award a defendant fees where the plaintiff's claims "were brought in good faith and were warranted under existing law, even though they were found to be meritless in the end."); *Murray Hill Publications, Inc. v. ABC Commc'ns, Inc*., 264 F.3d 622, 640 (6th Cir. 2001), abrogated on other grounds by *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010) (reversing an award of attorney's fees to a defendant "[b]ecause we believe the plaintiffs presented one or more colorable, albeit meritless, claims to the district court."); *contrast Dimension Films*, 383 F.3d at 390 (finding the objective reasonableness factor weighed in a defendant's favor where two of the plaintiffs bringing claims had no protected right in the subject intellectual property at all).

Here, Plaintiff's copyright infringement claim against WMB was objectively reasonable despite the Court's ultimate ruling in favor of WMB. As an initial matter, Plaintiff's overall lawsuit was plainly reasonable considering that the Court ruled in Plaintiff's favor and found that MGB did infringe on Plaintiff's copyrighted works. But even as to WMB specifically, there is no indication whatsoever that Plaintiff's claim was unreasonable. WMB and MBG are both owned by Theresa Yang and operated by Christopher Nimeth. (*Doc. 121, ¶ 25*). Both WMB and MBG share the same office and warehouse space. (*Id.*) Both WMB and MBG were represented by the same counsel throughout this case. Critically, the infringing listings on Amazon contained Product Descriptions that referred directly to WMB. (*Id. at ¶ 31*). Indeed, despite Ms. Yang and Mr. Nemith's testimony that the language referencing WMB was part of template added to help support MBG as a new entity back in 2010, it is undisputed that the language remained on the product descriptions for years, including during the subject period of infringement. (*Id.*) Each of these facts demonstrate that Plaintiff had an objectively reasonable basis for believing that WMB was

3

just as guilty of infringement as MBG throughout this case.  Furthermore, there is perhaps no better indicator that Plaintiff's claim was reasonable than the fact that Plaintiff's claim against WMB proceeded all the way to trial.  As a result, the objective reasonableness factor weighs against WMB's Motion.

The remaining *Fogerty* factors also weigh against granting WMB its attorney's fees.  First, for the same reasons Plaintiff's claim was objectively reasonable, Plaintiff's claim was not frivolous.  Second, WMB has made no showing—and there are no facts in the Court's findings inferring—that Plaintiff's claims were motivated by anything other than her legitimate interest in preventing the infringement of her copyrighted works.  *See Malibu Media, LLC v. Redacted*, 705 F. App'x 402, 410 (6th Cir. 2017) (affirming the district court's denial of fees where the district court "determined that it could not conclude that Malibu brought the action solely for the purpose of harassing, embarrassing, or abusing [Redacted], but rather that it was acting to protect its copyright by bringing an infringement action against a person who it believed was infringing on that right.").  Finally, considerations of compensation and deterrence do not support awarding WMB its fees.  This Court has previously held that this factor may weigh in a prevailing defendant's favor when a plaintiff engages in bad faith litigation tactics that multiply the costs of the parties.  *See, e.g., Dimension Films*, 410 F.3d at 809.  Again, WMB's motion does not argue and the Court did not find that Plaintiff's case was objectionable at any time throughout this case.

Because each of the *Fogerty* factors weigh against granting WMB its attorney's fees, the Court should deny WMB's Motion.

4

Case 3:19-cv-00120   Document 140   Filed 09/14/21   Page 4 of 8 PageID #: 2431

## II. WMB'S MOTION SHOULD BE DENIED BECAUSE ITS CLAIMED ATTORNEY'S FEES AND COSTS ARE UNREASONABLE AND UNSUPPORTED BY PROPER DOCUMENTATION.

Even if the Court were to find the *Fogerty* factors weighed in WMB's favor, WMB's Motion should be denied because its requested attorney's fees are unreasonable and unsupported by proper documentation. In awarding fees, courts typically use the "lodestar" method, multiplying reasonable hourly rates by the reasonable number of hours expended to prosecute an action. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551-52 (6th Cir. 2008); *Gonter v. Hunt Valve Co.,* 510 F.3d 610, 616 (6th Cir. 2007). "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of presentation, and the results obtained from the litigation." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993).

However, "[t]o justify any award of attorneys' fees, the party seeking compensation bears the burden of documenting its work." *Gonter* 510 F.3d at 617. Indeed, "[t]he key requirement for an award of attorneys fees is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine ***with a high degree of certainty*** that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle v. Reliance Med. Prods., Inc*., 515 F.3d 531, 553 (6th Cir. 2008) (internal citation and quotation omitted) (emphasis added).

The documentation submitted by WMB with its Motion falls far short of this standard.[1] In particular, the majority of WMB's time entries are marked by an asterisk. (*Doc. 130-1*). At the bottom of each page, the documentation states "[the asterisk] denotes time divided by 2 where time benefitted both defendants." (*Id.*) There is no explanation whatsoever provided as to why it

---

[1] WMB does not ask for a specific amount of attorney's fees or costs in it Motion (Doc. 128). As a result, WMB's Motion should also be denied pursuant to Fed. R. Civ. P. 7(b) for failing to state the relief sought.

5

would be appropriate for Defendant's counsel to simply divide each of these entries in half rather than properly identify the time spent and work performed for WMB and the time spent and work performed for MBG. Indeed, common sense dictates that defense counsel likely spent far more time litigating on behalf of the party that had actually infringed on Plaintiff's work than the party that Defendants asserted should never have been involved in the lawsuit in the first place. The Court should not allow WMB's deficient documentation to support a claim for attorney's fees.

Furthermore, as argued in Plaintiff's own Motion for Attorney's Fees, the significant amount of time expended on this case can largely be attributed to Defendants' numerous unfounded defenses (including both raising a waived res judicata defense and moving to nonsuit their Counterclaim on the eve of trial) and Defendants' unreasonableness in responding to attempts to reach an early resolution of the case (despite admitting that one Defendant sold and offered to sell wall clocks bearing Plaintiff's copyright works). Defendants needlessly prolonged this case and ran up attorney's fees in effort to pressure Plaintiff into simply dropping her case. Defendants have no one to blame but themselves for the amount of attorney's fees and costs they expended in this case. As a result, the Court should deny WMB's Motion.

Lastly, WMB's Motion should be denied as it includes costs which are not recoverable under the Copyright Act. *See Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 878 (2019). "The Copyright Act does not explicitly authorize the award of litigation expenses beyond the six categories specified in §§ 1821 and 1920." *Id.* Those six categories include:

(1)  Fees of the clerk and marshal;

(2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)  Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C.A. § 1920. Witness per diem and mileage fees are also permitted by 28 U.S.C.A. § 1821.

The charges attached to the Affidavit of John Beam (*Doc. 130*) include parking and mediation fees. These costs are not included in the six categories specified in §§ 1821 and 1920. As a result, these costs are not recoverable and should be denied. *Rimini*, 139 S. Ct. at 881.

## CONCLUSION

Based upon for the foregoing, Plaintiff Dina Capitani respectfully requests that the Court enter an Order denying WMB's Motion for Attorney's Fees.

Respectfully submitted by:

DICKINSON WRIGHT PLLC

*/s/ Autumn L. Gentry*
Autumn L. Gentry, #20766
Joshua L. Burgener #29077
424 Church Street, Suite 800
Nashville, Tennessee 37219
Phone: (615) 244–6538
Fax: (844) 670–6009
agentry@dickinsonwright.com
jburgener@dickinsonwright.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 14, 2021, a true and exact copy of the foregoing has been served on the following via the Court's electronic filing system:

>John A. Beam, III
>Desireé J.C. Goff
>Equitus Law Alliance PLLC
>709 Taylor Street
>P.O. Box 280240
>Nashville, TN 37228
>beam@equituslaw.com
>goff@equituslaw.com

                                              */s/ Autumn L. Gentry*
                                              Autumn L. Gentry

4818-3292-4922 v1 [99997-70408]