UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DINA CAPITANI | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   Civil Action No. 3:19-cv-00120 |
| | ) |
| WORLD OF MINIATURE BEARS, INC., | ) |
| and MINIBEARSGEMS & GIFTS, INC., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT MINIBEARS GEMS & GIFTS, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO ALTER OR AMEND CERTAIN FINDINGS OF FACT AND CONCLUSIONS OF LAW**

COMES NOW, Defendant MiniBears Gems & Gifts, Inc., by and through counsel, and replies to Plaintiff's response concerning its request to amend Finding of Facts and Conclusions of Law. Defendant specifically requested to alter the language of Finding of Fact No. 9 and based upon that amendment, any corresponding conclusions of law would be changed as well.

**I. MINIBEARS GEMS & GIFTS, INC. RESPECTFULLY REQUESTS AMENDMENT OF FINDINGS AND CONCLUSIONS OF LAW.**

Defendant MiniBears Gems & Gifts, Inc. is in a whipsaw position. Given the Court finding that a temporary license was granted to Geoffrey Roebuck for the manufacture of goods in Conclusion of Law No. 58, and given Plaintiff's argument that the first sale doctrine does not apply, then Plaintiff cannot recover infringement damages against Defendant MiniBears Gems & Gifts, Inc. because they were licensed. Plaintiff's recourse is to pursue a breach of contract action against the

1

licensee, Mr. Roebuck. Plaintiff can not argue that the Section 109 defense is inapplicable to Defendant MiniBears Gems & Gifts, Inc., as a licensee, but then pursue damages against the Defendant when Plaintiff accepted payment of $800.00 for the manufacturing run. Rather, Plaintiff's recourse is to pursue a breach of contract action against the principal. "The author controls the volume of copies entering the market, but once there, he has no right to control their secondary and successive redistribution. To be sure, the author retains a certain degree of control over the secondary sale, at least to the extent that he can control that redistributions through the terms in the original sales contract. But he must bring a contract suit, not an infringement action." London-Sire Records, Inc. v. Doe 1, 542 F. Supp. 2d 153, 174, 2008 U.S. Dist. LEXIS 38817, *55-56; See also, e.g., Am. Int'l Pictures, Inc. v. Foreman, 576 F.2d 661, 664 (5th Cir. 1978) (holding that where copyrighted material is resold subject to restrictions, and the secondary buyer violates those restrictions, no copyright infringement action lies).

If Plaintiff Capitani was not authorizing the sale of these products, she would not have accepted the $800.00 for the manufacture of them, and then cooperated and assisted with the images to go on the clocks. Plaintiff testified that she did not expect to be paid again when the goods were sold. (Capitani, Vol. I, Tr. 77, PageID# 1837) Plaintiff consented to the release of her images in commerce when she altered them to fit onto the clock molds and reviewed pre-production photographs. (Finding of Fact #8, Doc. 121, PageID# 2276) The reasonable conclusion is that this acceptance of payment, consent, and cooperation qualified as a sale. The Court stated in Finding of Fact No. 58 that in lieu of being paid for the copies, Plaintiff agreed to accept the 5% cost of manufacturer. (Doc. 121, PageID# 2290) At a cost per clock of $1.65, payment of $800.00 paid for 9,696 clocks. (Nimeth, Vol. II, Tr. 28, PageID# 2002)

These were not illegal copies made as in Quality King Distributors, Inc. v. L'anza Research Int'l, Inc., 523 U.S. 135 (1998). Plaintiff accepted payment and cooperated and consented to her images being manufactured on the products. (Capitani, Vol. I, Tr. 120, PageID# 1880) Plaintiff exercised her market rights over these copies. Plaintiff relinquished control to Roebuck over the manufactured products for distribution. (Capitani, Vol. I, Tr. 156, PageID# 1916)

Plaintiff Capitani accepted payment for one manufacturing run. Plaintiff Capitani approved the proofs. Plaintiff Capitani consented to the altering of her images to fit on the clocks for manufacture. Defendant MiniBears Gems & Gifts, Inc. does not have to account for Plaintiff's shoddy accounting practices. The burden is on Plaintiff to demonstrate the accounting. Whether she received partial payment or full payment for the manufacturing run is irrelevant when she consented to the run and accepted payment. If Plaintiff had wanted control over future sales of the products, she needed to provide for that control in the contract. While Plaintiff requested that all unsold products be returned to her, once the period was over, she did not request to control distribution of the manufactured products and testified that she anticipated Roebuck to handle manufacture, distribution, and retail sales. (Capitani, Vol. I, Tr. 156, PageID# 1916)

If a licensee, Plaintiff's complaint is against Mr. Roebuck, the principal. If not a licensee, as in Oneida Consumer, LLC v. Fox, 2020 U.S. Dist. LEXIS 142514 (S.D. Ohio, Aug. 10, 2020)(consent of agents to custom configure flatware evidenced approval to sell goods), and given the evidenced consent by Plaintiff of the manufacturing run, altering and assisting with the manufacture of the goods, the statutory defense under Section 109, the first sale doctrine, applies.

In the present matter, even though the authority was only granted by Geoffrey Roebuck, as licensee, to MiniBears Gems & Gifts, Inc., there is ample evidence of consent given by Plaintiff

Capitani. Plaintiff testified that she altered the images to fit the molds for production, customizing the configuration to fit on the clocks. Plaintiff testified that she accepted the $800.00 as payment for the production of these items. Items which she acknowledged were shipped to Australia, the U.K. and elsewhere. Plaintiff testified that she did not expect to be paid again when the goods were sold. Plaintiff further testified that she did not have any distributors or retailers lined up to sell the goods. (Capitani, Vol. I, Tr. 156, PageID# 1916) Plaintiff knew of the existence of MiniBears Gems & Gifts, Inc. She did not contact them to request the return of goods. She did not request an agreement with the Defendant.

In <u>Fox</u>, Oneida objected to the application of the first sale doctrine as a defense, contending that it is not available to a licensee and that Ms. Fox was a licensee. The court concluded that while this general legal principal is correct, the facts demonstrated that the agreement was not in effect when Ms. Fox purchased a large volume of goods from Oneida's exclusive licensee and that she never agreed to the license agreement. Therefore, Oneida did not establish that Ms. Fox's right to liquidate her inventory was circumscribed. Therefore, Oneida could not demonstrate that the agreement precluded application of the first sale doctrine. <u>Id</u>. at 17*-18*.

## CONCLUSION

In this case, the $800.00 was a separate payment made to Plaintiff Capitani for the one manufacturing run. If this payment is considered a temporary license (Conclusion of Law #58), then Plaintiff's Capitani's only recourse is to pursue the principal, Geoffrey Roebuck for a breach of contract action, not an infringement action against Defendant MiniBears Gems & Gifts, Inc.. If not, given Plaintiff's evident consent and cooperation with the manufacture of the goods, and Plaintiff's express admittance that she did not expect to be paid again from the sale of these goods as they

4

entered the stream of commerce, if the $800.00 is not considered a temporary license, but rather a purchase, Defendant MiniBears Gems & Gifts, Inc. requests this Court find that Plaintiff relinquished any right to the products pursuant to 17 U.S.C. §109. For the foregoing reasons, Defendant MiniBears Gems & Gifts, Inc. respectfully requests this Court amend the foregoing Finding of Fact No. 9 and change the corresponding Conclusions of Law to find no infringement and to reflect Plaintiff's consent to use of her images in commerce, relinquishing any right to the products.

Respectfully submitted,

/s/ Desireé J.C. Goff
John A. Beam, III (BPR #11796)
Desireé J.C. Goff (BPR # 31136)
Equitus Law Alliance, PLLC
709 Taylor Street
P.O. Box 280240
Nashville, Tennessee 37228
Telephone: (615) 251-3131
Facsimile: (615) 252-6404
Attorneys for Defendant MiniBears Gems & Gifts, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2021, I electronically filed the Reply Memorandum to Plaintiff's Response to MiniBears Gems & Gift's, Inc.'s Motion to Alter or Amend with the Clerk of this Court using the CM/ECF system which will automatically send email notification of such filing to the following parties who are CM/ECF participants:

Autumn L. Gentry, Esq.
Dickinson Wright, PLLC
424 Church Street, Suite 800
Nashville, Tennessee 37219
Attorney for Plaintiff Capitani

5

/s/ Desireé Goff
Desireé Goff