UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DINA CAPITANI ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 3:19-cv-00120 |
| ) | |
| WORLD OF MINIATURE BEARS, INC., ) | |
| and MINIBEARSGEMS & GIFTS, INC., ) | |
| ) | |
|     Defendants. ) | |

**DEFENDANT WORLD OF MINIATURE BEARS, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

COMES NOW, Defendant World of Miniature Bears, Inc., by and through counsel, and replies to Plaintiff's response concerning World of Miniature Bears, Inc. request for attorney's fees after being dismissed from this matter for Plaintiff's failure to prove any claims against it.

**I.  NUMEROUS FACTORS CONTRIBUTE WEIGHT TO AWARD OF ATTORNEY FEES AND COSTS TO WORLD OF MINIATURE BEARS, INC.**

Plaintiff Capitani cannot recover for time spent pursuing claims against World of Miniature Bears, Inc. See Hensley v. Eckhart, 461 U.S. 424, 435 (1983). The discretion to grant attorney fees in copyright infringement cases is exercised in an evenhanded manner between prevailing plaintiffs and prevailing defendants, and in a manner consistent with the primary purposes of the Copyright Act. Fogerty v. Fantasy, Inc., 510 U.S. 517, 127 L. Ed. 2d 455, 114 S. Ct. 1023 (1994). The Supreme Court squarely rejected what it called the "dual standard" under which prevailing plaintiffs recovered attorney fees as a matter of course but prevailing defendants were required to show the claims were

1

frivolous or were brought in bad faith. Id. at 534. Independent of whether Plaintiff was reasonable in making claims against World of Miniature Bears, Inc., the court found that Plaintiff did not succeed.

While the Fogerty court identified several nonexclusive factors, including frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and need in particular circumstances to advance considerations of compensation and deterrence, (quoting Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir. 1986), the Fogerty Court emphasized the overarching goal of remaining faithful to the purposes of the Copyright Act and treating prevailing plaintiffs and defendants in an evenhanded manner. Id. at 534, n. 19. In Bridgeport Music, Inc. v. Diamond Time, Ltd., 371 F.3d 883, 894, 2004 U.S. App. LEXIS 12009, *27, 2004 FED App. 0181P (6th Cir.), 18, 71 U.S.P.Q.2D (BNA) 1193, 1200, Copy. L. Rep. (CCH) P28,831, the district court correctly observed that the Fogerty factors were nonexclusive and other factors could be considered as well, including that not every factor needed to weigh in favor of the prevailing party. The Court granted attorneys fees and costs to the defendant Diamond Time in the interest of justice and in furtherance of the objectives of the Copyright Act. The court discussed factors such as suing defendants against whom there was little hope of recovery, the failure to dismiss stale claims, the interest in deterring further litigation of stale claims, and the inherent weakness in the plaintiff's copyright claims against this defendant, all as factors which dictated an award of fees and costs to the defendant Diamond Time. Id. at *27-28.

Even if the Court takes into account whether it was reasonable for Plaintiff to bring claims against World of Miniature Bears, Inc., by the time discovery had ended and Plaintiff had conducted depositions, it was thoroughly demonstrated that World of Miniature Bears, Inc. never sold any

merchandise containing images associated with Plaintiff and that World of Miniature Bears, Inc. did not even sell any items at retail. Plaintiff was unreasonable in continuing her claims through trial against a party when it was evident that there was nothing supporting those allegations. World of Miniature Bears, Inc. was not named on any invoices, was not listed as the seller online, and had no connection to the sale of products containing Plaintiff's images. Written discovery, depositions and two motions for summary judgment demonstrated no link between World of Miniature Bears, Inc. and the sale of Plaintiff's images on clocks by MiniBears Gems & Gifts, Inc. As a result, Plaintiff did not prevail at trial. Specifically the Court found that World of Miniature Bears, Inc. was not liable for copyright infringement. (Doc. 121; Conclusion of Law #48; PageID# 2287) In examining other nonexclusive factors, such as in Diamond Time, little hope of recovery, the failure to dismiss stale claims, and the inherent weakness in Plaintiff's claims against World of Miniature Bears, Inc. all contribute weight to the award of attorneys fees to World of Miniature Bears, Inc.

Defendant World of Miniature Bears, Inc. did not request attorneys fees or costs for any work attributed to the defense of MiniBears Gems & Gifts, Inc. Defendant World of Miniature Bears, Inc. split entries where work was done for both parties and both parties benefitted. As a result of prevailing on its defense from the allegations made by Plaintiff, and in accordance with furthering the overall purpose of the Copyright Act, World of Miniature Bears, Inc. respectfully requests the court award attorneys fees and costs to them as the prevailing party in a copyright action pursuant to 17 U.S.C. § 505.

## CONCLUSION

For the foregoing reasons, World of Miniature Bears, Inc. respectfully requests this Court award it attorneys fees as prevailing party and attested to by counsel and pursuant to 17 U.S.C. §505.

3

Respectfully submitted,

 /s/ Desireé J.C. Goff
John A. Beam, III (BPR #11796)
Desireé J.C. Goff (BPR # 31136)
Equitus Law Alliance, PLLC
709 Taylor Street
P.O. Box 280240
Nashville, Tennessee 37228
Telephone:     (615) 251-3131
Facsimile:     (615) 252-6404
Attorneys for Defendant World of Miniature Bears, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2021, I electronically filed the Reply Memorandum to Plaintiff's Response to World of Miniature Bears, Inc.'s Motion for Attorney's Fees with the Clerk of this Court using the CM/ECF system which will automatically send email notification of such filing to the following parties who are CM/ECF participants:

Autumn L. Gentry, Esq.
Dickinson Wright, PLLC
424 Church Street, Suite 800
Nashville, Tennessee 37219
Attorney for Plaintiff Capitani

   /s/ Desireé Goff
Desireé Goff