IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DINA CAPITANI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:19–cv–00120 |
| WORLD OF MINIATURE BEARS, INC., et al. | ) ) ) |
| Defendants. | ) Judge Crenshaw ) Magistrate Judge Frensley |

## REPLY IN SUPPORT OF
## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiff Dina Capitani submits the following Reply in Support of her Motion for Attorneys' Fees and Costs (Doc. 134).

### ARGUMENT

Defendants[1] do not dispute that Plaintiff is entitled to her reasonable attorneys' fees and costs as the prevailing party against MiniBears Gems & Gifts, Inc. ("MBG"). In addition, Defendants also do not contest the competency and skill of Plaintiff's counsel or Plaintiff's counsel's hourly rates. Rather, Defendants claim that an award of attorneys' fees and costs against MBG should be reduced to account for a judgment awarded to her in an amount less than what she requested, and to account for fees expended in *Capitani I*. Defendants also argue that Plaintiff is not entitled to an award of attorneys' fees and costs against co-Defendant World of Miniature Bears, Inc. ("WMB"). Defendants' arguments are erroneous and without merit.

---

[1] Although titled "Defendant MiniBears Gems & Gifts, Inc.'s Response Memorandum in Opposition to Plaintiff's Motion for Attorney's Fees" ("Defendants' Response") (Doc. 141), this Response also includes arguments by Defendant World of Miniature Bears, Inc. who incorporated by reference its Motion for Attorney's Fees (Doc. 128) to oppose Plaintiff's fee motion (Doc. 134).

## I. PLAINTIFF'S ATTORNEYS' FEES AND COSTS ARE REASONABLE.

Defendants appear to agree that in awarding fees, courts typically use the "lodestar" method, multiplying reasonable hourly rates by the reasonable number of hours expended to prosecute an action. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551-52 (6th Cir. 2008); *Gonter v. Hunt Valve Co.,* 510 F.3d 610, 616 (6th Cir. 2007). Based on the lodestar method, Plaintiff is seeking $214,737.50 in attorneys' fees. In addition, Plaintiff is seeking $3,748.54 costs for a total of $218,486.04. As stated in Plaintiff's Motion, "[t]here is a 'strong presumption' that this lodestar figure represents a reasonable fee." *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F. 3d 1392, 1401 (6th Cir. 1995).

### A. Plaintiff's Fees and Costs Should Not Be Reduced Based Upon The Amount Awarded.

After successfully prosecuting a case against MBG, Defendants now claim that Plaintiff's attorneys' fees should be reduced as she was awarded less than the "$150,000 per infringement of each image, per defendant" (Doc. 141, p. 6) Defendants claim Plaintiff sought. First, Plaintiff did not demand $150,000 per infringed work. Rather, Plaintiff requested that she be awarded statutory damages "*not to exceed* $150,000 per infringement per Defendant." Doc. 1, ¶ 39 (emphasis added). In other words, as stated in her Post-Trial Brief, Plaintiff requested that the Court enter a judgment in "an amount, in the Court's discretion, *up to* $150,000 for each of Plaintiff's 20 copyrighted works." Doc. 112, p. 4 (emphasis added).

Even if Plaintiff had demanded more than she was awarded, that is not a basis for reducing Plaintiff's attorneys' fees. *See Jacobs v. Memphis Convention & Visitors Bureau*, No. 2:09-CV-02599-STA, 2012 WL 4468500, at *5 (W.D. Tenn. Sept. 7, 2012), *report and recommendation adopted,* No. 09-2599, 2012 WL 4461275 (W.D. Tenn. Sept. 25, 2012) (awarding $171,698.75 in fees and costs in a copyright infringement case where the jury only awarded plaintiff

2

$54,500.00). "[M]oreover, transfixion on the damage amount in establishing fees would penalize those litigants whose cases carry slight pecuniary damages, but which present instances of significant statutory violations." *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co., Inc.*, 732 F.2d 495, 503 (6th Cir. 1984).

MBG was always on notice that if Plaintiff was successful, she may be awarded attorneys' fees. "This should have been one of the considerations that [Defendant] considered throughout the litigation." *Jacobs*, 2012 WL 4468500, at *10.

### B. Plaintiff's Fees and Costs Do Not Include Any Fees Or Costs Expended In *Capitani I*.

Defendant falsely accuses Plaintiff's counsel of double-billing for time incurred in *Capitani I* simply because "Plaintiff re-used many of the same *web advertisements*" in this case as it did in *Capitani I*. Plaintiff's counsel did not bill Plaintiff in this case for seeking out Defendant's web advertisements (many of which also referenced co-Defendant World of Miniature Bears) used in *Capitani I* and Defendants have not cited a single time entry substantiating their false and egregious allegations. Plaintiff's counsel are well aware of their ethical obligations and at no time double-billed Plaintiff for time spent in *Capitani I*.

### C. Plaintiff's Claims Are Related, Therefore, All Fees Requested Should Be Awarded.

Although citing *Hensley* in their Response, Defendants failed to respond to or even address the two issues the *Henley* court held should be addressed if a claimant achieves only partial success. As set forth in Plaintiff's Motion, these two issues are:

> (1) Whether the claims on which the plaintiff failed to prevail were or were not related to the claims of which he or she succeeded, and

> (2) Whether the plaintiff achieved a sufficient degree of success to render the hours reasonably expended a satisfactory basis for awarding attorney fees.

*Jack Tyler Engineering Company Inc. v. Environment-One Corporation,* No. 2:07–cv–2393, 2009 WL 2382256 at *2 (W.D. Tenn. 2009) (*quoting Imwalle*, 515 F. 3d at 552; *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

"Claims are related for purposes of awarding attorneys' fees when they 'involve a common core of facts' are 'based on related legal theories' or when counsel's time is 'devoted generally to the litigation as a whole, making it difficult to divide the hours expended.'" *Jack Tyler Engineering*, 2009 WL 2382256 at *3 (*quoting Barnes v. City of Cincinnati*, 401 F.3d 729, 745 (6th Cir.2005); *Hensley*, 461 U.S. at 433). Such is the case here.

First, Plaintiff's unsuccessful claims against Defendant WMB arose from virtually identical facts and theories of recovery as her successful claims against Defendant MBG (who share a common owner). Second, due to the claims and filings in this case, Plaintiff's counsel's time was devoted generally to working on the case as a whole, rather than to individual causes of action.

Defendants point to 10 entries, totaling 16.0 hours (Response, Doc. 141, p. 5), where they claim that Plaintiff failed to adequately document which time went towards which Defendant. Response, Doc. 141, p. 5. In support of their claim, Defendants argue that "[t]hroughout the entirety of the litigation," Defendants "filed separate answers, written discovery, and motions for summary judgment," (Doc. 141, p. 5), implying that each Defendant submitted separate filings throughout the case. While Defendants did serve separate answers, written discovery, and motions of summary judgment, implying that Defendants submitted separate filings throughout the litigation is a gross mischaracterization of the record which reveals that both Defendants, together,

filed *at* a *minimum*, sixteen *joint* pleadings.[2] Therefore, Defendants submitted as many, if not more, filings jointly rather than individually. As a result, it is reasonable that Plaintiff's counsel's time was devoted to working on the case as a whole, rather than to individual causes of action. *See Jack Tyler Engineering*, 2009 WL 2382256 at *3.

The Sixth Circuit has "repeatedly rejected mechanical reductions in fees based on the number of issues on which the plaintiff has prevailed." *Jack Tyler Engineering*, 2009 WL 2382256 at *3 (*quoting Imwalle*, 515 F.3d at 554) (remaining citations omitted). Therefore, a "court should not reduce attorney fees based on a simple ratio of successful claims to claims raised," as Defendants request here. *Id.* (*quoting DiLaura v. Township of Ann Arbor,* 471 F.3d 666, 672 (6th Cir. 2006)).

## CONCLUSION

Based upon for the foregoing, Plaintiff Dina Capitani respectfully requests that the Court enter an Order granting Plaintiff's Motion for Attorneys' Fees and Costs in the total amount of $218,486.04, or in such other amount as the Court deems appropriate. Plaintiff further requests that the Court award her such other and additional relief as is appropriate.

---

[2] These filings included Defendants' Motion To Amend Pleadings (Doc. 19); Defendants' Counterclaim for Declaratory Relief (Doc. 21); Defendants' Response to Plaintiff's Motion for Summary Judgment (Doc. 66); Defendants' Response to Plaintiff's Statement of Undisputed Material Facts (Doc. 67); Motion to Non-Suit Counterclaim By Defendants (Doc. 75) and supporting Memorandum (Doc. 76); Defendants' Motion *In Limine* To Exclude Evidence Of Business Loss Damages Undisclosed In Discovery (Doc. 77) and supporting Memorandum (Doc. 78); Defendants' Motion *In Limine* To Exclude Evidence Of Judgment Against Geoffrey And Cathy Roebuck (Doc. 79) and supporting Memorandum (Doc. 80); Defendants' Trial Brief On Damages (Doc. 93); Notice Of Filing Defendants' Supplement To Memorandum On For Trial (Doc. 98); Notice Of Witness Appearance By Defendants (Doc. 100); Defendants' Response To The Plaintiff's Post-Trial Memorandum And Closing Argument (Doc. 114); Defendants' Response To The Plaintiff's Post-Trial Findings Of Fact And Conclusions Of Law (Doc. 115); and Defendants' Response to Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 141).

Respectfully submitted by:

DICKINSON WRIGHT PLLC


*/s/ Autumn L. Gentry*
Autumn L. Gentry, #20766
Joshua L. Burgener #29077
424 Church Street, Suite 800
Nashville, Tennessee 37219
Phone: (615) 244–6538
Fax: (844) 670–6009
agentry@dickinsonwright.com
jburgener@dickinsonwright.com


**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2021, a true and exact copy of the foregoing has been served on the following via the Court's electronic filing system:

>John A. Beam, III
>Desireé J.C. Goff
>Equitus Law Alliance PLLC
>709 Taylor Street
>P.O. Box 280240
>Nashville, TN 37228
>beam@equituslaw.com
>goff@equituslaw.com

*/s/ Autumn L. Gentry*
Autumn L. Gentry

4826-7933-6188 v1 [99997-70408]