IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DINA CAPITANI, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-00120 |
| ) | Chief Judge Crenshaw/Frensley |
| WORLD OF MINIATURE BEARS, ) | Jury Demand |
|  INC., et al. ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is the Defendant World of Miniature Bears Inc's Motion for Attorneys' Fees and Costs in this copyright infringement case under 17 U. S. C. § 505. Docket Nos. 128, 129 and 137. Plaintiff Diana Capitani has filed a Response in opposition to the motion (Docket No. 140) and the Defendant has filed a Reply (Docket No. 143). The motion was referred to the undersigned Magistrate Judge for Report and Recommendation. Docket No. 132. For the reasons set forth herein, the Magistrate Judge recommends that the Defendant's motion be **DENIED in part** and **GRANTED in part**.

### BACKGROUND

The Plaintiff, Dina Capitani, brought this copyright infringement action against World of Miniature Bears Inc ("WMB") and Minibeargems & Gifts, Inc. ("MBG"), alleging that Defendants advertised and sold products that infringed on her copyright interest in dog breed illustrations created by her. Docket No. 1.

The Court entered a scheduling order in this case following the initial case management conference and the Parties proceeded with discovery. Docket No. 17. After completing discovery, the Parties filed cross motions for summary judgment. Docket Nos. 51, 55 and 60. The Court denied each of the motions for summary judgment and encouraged the Parties to reconsider their

respective positions of settlement in advance of the bench trial ". . . because the summary judgment record suggest to the Court that either party could be successful at trial." Docket No. 91. While the Court noted that the motion for summary judgment filed by Defendant WMB "presents a much closer call," the Court found that there were material facts in dispute regarding whether WMB may have been doing business as "Minibeargems & Gifts, Inc." or assisting MBG to sell the allegedly infringing wall clocks. *Id.*

The Court conducted a two-day bench trial in this matter on the issues of liability and damages and following the submission of post-trial briefs and proposed findings of fact and conclusions of law, entered its findings of fact and conclusions of law that MBG was liable to Capitani for copyright infringement, but that WMB was not liable. Docket No. 121.

After the Court's ruling, Defendant WMB filed the instant motion for attorneys' fees and costs as a prevailing party pursuant to 17 U. S. C. § 505. Docket No. 128. Defendant argues that the case warrants attorneys' fees because WMB "did not take or use Plaintiff's images and any modest amount of due diligence would reveal who was selling her images." Docket No. 129. Defendant argues that it was frivolously brought into this litigation due to Plaintiff's attempt to seek a "windfall." *Id.* They contend that an award of attorneys' fees would serve as a deterrent to Parties attempting to abuse the strict liability imposed by the copyright act and further the purposes of the act. *Id.* They seek an award of attorneys' fees in the amount of $116,707.25 and costs in the amount $3,241.78. Docket No. 137.

In opposition to the motion, the Plaintiff argues that the motion should be denied because her claim against WMB was objectively reasonable despite being unsuccessful. Docket No. 140. Plaintiff notes that she was successful in her claim against MGB and given the various ways MGB and WMB were connected there was a reasonable basis to assert the claims against WMB. *Id.*

Plaintiff further notes that the claims against WMB proceeded all the way to trial and there are no facts in the court's finding suggesting Plaintiff's claims were motivated by anything other than "her legitimate interest in preventing the infringement of her copyrighted works." *Id.* Plaintiff notes that WMB does not argue, and the Court did not find that her claims were objectionable at any time throughout the case and in the absence of bad faith litigation tactics, compensation and deterrence do not support an award of fees to the prevailing Defendant. *Id.* Plaintiff further argues that the fee request is unreasonable and unsupported by proper documentation given that the same counsel represented both Defendants and that the Defendant itself was responsible itself for incurring significant expenses and fees based upon its assertion of unfounded defenses. *Id.*

In reply, WMB argues that even if Plaintiff's claims were initially reasonable, "by the time discovery had ended and Plaintiff had conducted depositions, it was thoroughly demonstrated that World of Miniature Bears, Inc. never sold any merchandise containing images associated with Plaintiff . . . ."Docket No. 143. Defendant asserts that it did not requests attorneys' fees or costs associated with the defense of MGB and it should be awarded its fees "in accordance with furthering the overall purpose of the Copyright Act." *Id.*

## LAW AND ANALYSIS

### A.     Legal Standard

It is undisputed that district courts have discretion to award costs and attorney's fees in copyright infringement pursuant to §505 of the Copyright Act of 1976. 17 U. S. C. § 505. In *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), the Supreme Court "established several principles and criteria to guide" district courts' decisions under § 505. *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. at 1979, 1985 (2016) (citing *Fogerty*, 510 U.S. at 519). The Supreme Court's recent decision in *Kirtsaeng* held as follows:

> First, a district court may not "award[ ] attorney's fees as a matter of course"; rather, a court must make a more particularized, case-by-case assessment. Second, a court may not treat prevailing plaintiffs and prevailing defendants any differently; defendants should be "encouraged to litigate [meritorious copyright defenses] to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." In addition, . . . "several nonexclusive factors" [should] inform a court's fee-shifting decisions: "frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence."

*Id.*

Courts should also consider whether awarding attorney's fees in a particular case "advances the Copyright Act's goals." *Id.* at 1986. The ultimate goal of copyright laws is "'enriching the general public through access to creative works.'" *Id.* (quoting *Fogerty*, 510 U. S. at 527). That end is achieved by striking a balance between two subsidiary aims: encouraging and rewarding authors' creations while also enabling others to build on that work." *Id.* Ultimately, when considering requests for fee awards under § 505, "courts must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals." *Id.* at 1989.

The Supreme Court has addressed the issue of costs holding that "full costs" that may be shifted under § 505 are only those that fall within "the six categories specified in the general costs statute, codified at [28 U. S. C.] §§ 1821 and 1920." *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 876 (2019). Section 1821 addresses payment of lay witnesses' costs and expenses providing for the payment of certain fees and allowances to witnesses, not to the parties themselves. 28 U.S.C. § 1821. *Sales v. Marshall*, 873 F. 2d 115, 119 (6th Cir. 1989).

The following six categories of costs may be taxed under Section 1920:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The party requesting an award under § 1920 must file an itemized bill of costs. *Id.*

### B.     Motion for Attorneys' Fees and Costs

#### 1.     Attorneys' Fees

As noted above, Defendant WMB argues that a fee award is warranted in this case under §505 because they were a prevailing party and such an award would serve the policy goals of the Copyright Act. Docket Nos. 128, 129, 137 and 143. Because an award of attorneys' fees under §505 may not be determined "as a matter of course" the Court must engage in a particularized case by case assessment. Undertaking that individualized assessment here, the Court finds that awarding attorneys' fees is not appropriate under the *Fogerty* factors and would not further the goals of the Copyright Act.

##### a.     Objective Unreasonableness

Without specifically stating that Plaintiff's case against WMB was objectively unreasonable the Defendant cites the Court's findings that ultimately led to the determination that it was not liable to the Plaintiff for infringement. Docket No. 129. In Reply, the Defendant argues that even if it were reasonable for the Plaintiff to bring the claims initially against WMB, by the time discovery had ended "it was thoroughly demonstrated" WMB never sold any infringing products. Docket No. 143. This argument is unpersuasive.

While it is true that WMB prevailed on the merits at trial, its argument for a fee award

totally disregards the Court's previous findings denying its motion for summary judgment. While the Court found the motion for summary judgment to be a close call, it found there was a dispute of material fact with regard to several issues including "whether WMB may have been doing business as Minibeargems & Gifts, Inc." or assisting MBG to sell the allegedly infringing wall clocks. It is undisputed that WMB and MBG share the same owner and president (Theresa Yang), manager (Chris Nimeth) and business office and warehouse." Docket No. 91, p. 3. The Court also found that "Capitani has offered evidence that "Minibeargems & Gifts, Inc." is listed as the seller of the allegedly infringing wall clocks on www.amazon.com, and WMB's website refers the public to "Minibeargems.com" for retail purchases. *Id.* Plaintiff further found that the listings on Amazon provided a product description stating that "World of Miniature was founded by the talented artist Theresa Yang in 1996," and Mr. Nimeth testified that MGB used WMB's name in marketing to instill trust in any potential customers." *Id.* at pp. 3-4. Finally, although Mr. Nimeth had testified that "WMB has no connection to the clocks in question," the Court found that it "must wait until trial to judge his credibility and determine whether WMB has any causal connection to the alleged infringement." *Id.* at p. 4.

The undersigned finds that all of these facts suggest it was reasonable for Plaintiff to pursue its claims against WMB in the first instance. Similarly, given the Court's findings on summary judgment it is not objectively unreasonable that the Plaintiff did not jettison her claims against WMB prior to trial. Given the Court's findings denying WMB's motion for summary judgment, the undersigned finds that Plaintiff's infringement claims were not objectively unreasonable. This factor weighs against a fee award.

  b.  **Motivation**

The Defendant's motion does not address Plaintiff's motivation in pursuing its claims apart

6
Case 3:19-cv-00120   Document 145   Filed 02/25/22   Page 6 of 9 PageID #: 2466

from its conclusory assertion that Plaintiff frivolously brought World of Miniature Bears, Inc. into this litigation because Plaintiff sought a windfall. Docket No. 129. This argument to is unavailing.

It appears that Defendant's potential exposure in this case was mostly self-inflicted based on poor business practices and its association with MGB. Apart from all of the business connections between MBG and WMB, the mistaken listings on sales platforms appear to be the key factor motivating the claims against WMB. It would seem that the Plaintiff had a right to take the Defendant at its word given that those listings were voluntarily made. As such, Plaintiff's reasonable belief that they were true, coupled with her desire to protect her copyrighted property, is a proper motivation to pursue litigation. Further, apart from the conclusory statements Defendant offers no evidence that Plaintiff was motivated by bad faith in this action. Because there is no evidence or authorities supporting a finding that the motivation factors weights in favor of a fee award under circumstances like these, the undersigned finds that the Defendant has not shown that this factor weighs in favor of awarding fees.

    c.    **Advancing the Copyright Act's Goals**

The Defendant argues that awarding fees in this action would advance the goals of the Copyright Act by serving as a deterrent. Docket No. 129. Plaintiff responds that considerations of compensation and deterrence do not support an awarding of fees in the absence of evidence that a Plaintiff engaged in bad faith litigation tactics that multiply the costs of the parties.

Considering all the circumstances presented including most importantly the Court's reasoning in denying Defendant's motion for summary judgment, the Court finds that awarding attorney's fees would not advance the Copyright Act's goals of "encouraging and rewarding artists' creations while also enabling other to build on that work. *Kirtsaeng*, 136 S. Ct. at 1986. Courts exists to resolve disputes between parties. Here there is no question there was a dispute and

again, given the Court's denial of WMB's motion for summary judgment it was not improper for the Plaintiff to pursue the claim even though it was ultimately unsuccessful. An award of fees would have little deterrent effect under these circumstances. Therefore, this factor weighs against awarding of attorneys' fees.

   **2.   Costs.**

The Defendant also seeks an award of costs under §505 in the amount of $ 3,241.78. Docket No. 137. In support of the motion, the Defendant has filed the affidavit of John A. Beam, III. *Id.* 137-1. Mr. Beam states that all costs were necessary in the defense of Defendant World of Miniature Bears, Inc. *Id.* In response to the request for costs, Plaintiff asserts the motion should be denied as it includes costs that are not recoverable under the Copyright Act. Docket No. 140. Specifically, Plaintiff notes the inclusion of parking and mediation fees which are not costs included in the six categories in §§1821 and 1920. *Id.* They argue that these costs are not recoverable and should be denied. In reply, the Defendant does not address Plaintiff's arguments regarding the itemized costs that do not appear to fit within the statutory categories of allowable costs.

The undersigned agrees that the costs for parking and mediation are not recoverable as they are not included in the 6 categories in §§1821 and 1920 and therefore not recoverable. *Rimini*, 139 S. Ct. at 881. As these are the only costs challenged by the Plaintiff, the undersigned finds that the other items are properly recoverable in the amount of $2,185.78.

                              **CONCLUSION**

For these reasons, the Defendant has shown it is entitled to an award of costs but not an award of attorneys' fees under 17 U.S.C § 505. The undersigned therefore recommends that the Defendant's motion for attorneys' fees and costs (Doc. No. 128) be **DENIED in Part** and

**GRANTED in Part,** and that the Defendant be awarded costs in the amount of $2,185.78

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U. S. 140, 106 S. Ct. 466, 88 Ls. Ed. 2d 435 (1985), *reh'g denied*, 474 U. S. 1111 (1986); 28 U. S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**