IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DINA CAPITANI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-00120 |
| ) | Judge Crenshaw/Frensley |
| WORLD OF MINIATURE BEARS, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Dina Capitani brought this copyright infringement action against Defendants World of Miniature Bears, Inc., ("WMB") and Minibears Gems & Gifts, Inc., ("MBG"), alleging that they advertised and sold products that infringed on her copyright interests in dog breed illustrations she created. Docket No. 1. This matter is now before the Court upon Ms. Capitani's Motion for Attorneys' Fees and Costs, in which she seeks attorneys' fees and costs from MBG. Docket No. 134. Ms. Capitani has also filed a Supporting Memorandum. Docket No. 135. MBG has filed a Response in Opposition, and Ms. Capitani has filed a Reply. Docket Nos. 141, 144. The Motion was referred to the undersigned Magistrate Judge for Report and Recommendation. Docket No. 148. For the reasons set forth below, the undersigned recommends that Ms. Capitani's Motion (Docket No. 134) be GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

After completing discovery in this matter, the Parties filed cross motions for summary judgment. Docket Nos. 51, 55, and 60. The Court denied each of these motions and encouraged the Parties to reconsider their respective positions in advance of trial "because the summary judgment record suggests to the Court that either party could be successful at trial." Docket No. 91, p. 5. While the Court noted that the motion for summary judgment filed by WMB "presents a much closer call," the Court found that there was a dispute of material fact regarding whether WMB may have been doing business as "Minibeargems & Gifts, Inc." or assisting MBG to sell the allegedly infringing wall clocks. *Id.* at 3.

The Court conducted a two-day bench trial on the issues of liability and damages. *See* Docket No. 107. After receiving the Parties' post-trial briefing, the Court entered its Findings of Fact and Conclusions of Law. Docket No. 121. The Court found that Ms. Capitani met her burden of proving that MBG is liable for copyright infringement, but did not prove by a preponderance of the evidence that WMB is also liable. *Id.* at 1. Citing the liberal standard in the Sixth Circuit for awarding fees and costs to prevailing parties, the Court specifically invited Ms. Capitani "to file a separate motion for attorney's fees, costs, expenses, and prejudgment interest against MBG." *Id.* at 26. Following the Court's ruling, Ms. Capitani filed the instant Motion for Attorneys' Fees and Costs. Docket No. 134.

## II. LAW AND ANALYSIS

### A. Ms. Capitani's Entitlement to Attorneys' Fees

"Our legal system generally requires each party to bear his own litigation expenses, including attorney's fees, regardless [of] whether he wins or loses." *Fox v. Vice*, 563 U.S. 826, 832 (2011). Therefore, courts do not award "fees to a prevailing party absent explicit statutory

2

authority." *Buckhannon Bd. & Care Home v. W.Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001) (internal quotation marks and citation omitted). In this instance, explicit statutory authority is provided by the Copyright Act, which states that "the court in its discretion may allow the recovery of full costs . . . [and] may also award a reasonable attorney's fee to the prevailing party" in an infringement action. 17 U.S.C. § 505. It is well-settled in the Sixth Circuit that "[t]he grant of fees and costs is the rule rather than the exception and they should be awarded routinely." *Balsley v. LFP, Inc.*, 691 F.3d 747, 773 (6th Cir. 2012), *quoting Bridgeport Music, Inc. v. WB Music Corp. (Bridgeport II)*, 520 F.3d 588, 592 (6th Cir. 2008) (internal quotation marks omitted).

Courts may utilize four non-exclusive factors to determine whether to award attorney's fees in a copyright action: "frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, n.19 (1994); *see Kirtsaeng v. John Wily & Sons, Inc.*, 579 U.S. 197, 202 (2016); *Thoroughbred Software Intern., Inc. v. Dice Corp.*, 488 F.3d 352, 361 (6th Cir. 2007), *citing Coles v. Wonder*, 283 F.3d 798, 804 (6th Cir. 2002). These factors, sometimes known as the *Fogerty* factors, "may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." *Fogerty*, 510 U.S. at 534, n.19. "[O]ther than being a prevailing party under the Copyright Act . . . no factor is a necessary condition." *Bridgeport II*, 520 F.3d at 593.

The ultimate goal of the Copyright Act is "enriching the general public through access to creative works." *Kirtsaeng*, 579 U.S. at 204, *quoting Fogerty*, 510 U.S. at 527 (internal quotation marks omitted). That end is achieved "by striking a balance between two subsidiary

3

aims: encouraging and rewarding authors' creations while also enabling others to build on that work." *Id.* Ultimately, when considering requests for fee awards under Section 505, "courts must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals." *Id.* at 209.

Ms. Capitani is seeking $214,737.50 in attorneys' fees and $3,748.54 in costs. Docket No. 135, p. 6. She asserts that:

> As demonstrated by the billing statements submitted to the Court, the time expended was reasonable given the nature of Plaintiff's claims; Defendants' numerous unfounded defenses (including both raising a waived res judicata defense and moving to nonsuit their Counterclaim on the eve of trial); Defendants' unreasonableness in responding to attempts to reach an early resolution of the case (despite admitting that one Defendant sold and offered to sell wall clocks bearing Plaintiff's copyright[ed] works); preparation and appearance for depositions and trial; and extensive briefing both before and after trial.

*Id.*

MBG argues that because the Court found WMB to be not liable for infringement, Ms. Capitani is only entitled to half of her requested attorneys' fees.[1] Docket No. 141.

**1. Prevailing Party Status**

In order to receive costs and fees, a copyright litigant must be a prevailing party. 17 U.S.C. § 505. "In copyright infringement cases, generally, the prevailing party is one who succeeds on a significant issue in the litigation that achieves some of the benefits the party sought in bringing suit." *Thoroughbred*, 488 F.3d at 362 (finding error where the district court found that a party's copyright had been infringed but held that it did not prevail "in full" and denied attorney's fees on that basis); 4 Nimmer on Copyright § 14.10[B].

---

[1] As discussed below, MBG asserts that this half-fee should be further reduced.

Ms. Capitani contends that she is a prevailing party because she "without question, established that Defendant MBG . . . infringed on 20 of [her] copyrighted works and prevailed on all of MBG's affirmative defenses." Docket No. 135, p. 3. Further, she argues that "[g]iven the Court's findings of fact, conclusions of law, and resulting Judgment, [Ms. Capitani] succeeded on a significant issue in the case which achieved some of the benefits [she] sought when filing suit." *Id.*

MBG argues that because the Court found that Ms. Capitani has not proven WMB's liability, Ms. Capitani has only partially prevailed and "cannot recover for time spent pursuing claims against [WMB]." Docket No. 141, p. 3. Citing the Supreme Court's decision in *Hensley v. Eckhart*, MBG maintains that "[Ms. Capitani's] fees for investigation, discovery, summary judgment and trial preparation for the non-prevailing Defendant should be eliminated and not considered." *Id.* at 4, *citing* 461 U.S. 424, 435 (1983). MBG asserts that "[b]ecause [Ms. Capitani] succeeded only against one Defendant out of the two originally asserted, her attorneys['] fees should be reduced by 50%." *Id.* at 5.

Ms. Capitani maintains that her unsuccessful claims against WMB "arose from virtually identical facts and theories of recovery as her successful claims against Defendant MBG (who share [*sic*] a common owner)." Docket No. 144, p. 4. Further, she argues that "due to the claims and filings in this case, [Ms. Capitani's] counsel's time was devoted generally to working on the case as a whole, rather than to individual causes of action." *Id.* While acknowledging that WMB and MBG served separate answers, written discovery, and motions for summary judgment, Ms. Capitani asserts that the Defendants together filed "*at a minimum*, sixteen *joint pleadings*." *Id.* at 4-5 (emphasis in original; footnote listing joint filings omitted). Additionally,

5

Ms. Capitani contends that her counsel "has reviewed each and every time entry to delete or modify entries downward as appropriate." Docket No. 135, p. 8.

As to MBG, there is no question that Ms. Capitani is a prevailing party. Ms. Capitani "succeed[ed] on a significant issue in the litigation that achieves some of the benefits [she] sought in bringing suit." *See Thoroughbred*, 488 F.3d at 362; 4 Nimmer on Copyright §14.10[B]. Ms. Capitani obtained a finding of infringement against MBG and a permanent injunction. Docket No. 121. The question is whether she is entitled to less than full fees from MBG simply because WMB was not also found to be liable. The undersigned concludes that her entitlement to fees should not be affected by that finding. All of Ms. Capitani's claims were brought against both Defendants. *See* Docket No. 1. Many factors made it reasonable for Ms. Capitani (and her counsel) to proceed in this litigation as if the two Defendants might both be involved in the infringement of her copyrights. Some of these factors include use of WMB's name by MBG on product descriptions of infringing items for sale online; the fact that Theresa Yang is the owner and president of both Defendants; that Christopher Nimeth is the Manager of Operations for both Defendants; and that the two Defendants share the same office and warehouse space. Docket No. 121, p. 8-10. Further, despite filing separate Answers and Motions for Summary Judgment, WMB and MBG made multiple joint filings throughout this litigation. *See, e.g.*, Docket Nos. 19, 21, 66, 67, 75, 76, 77, 78, 79, 80, 93, 98, 100, 114, 115, 141. Not only did some of these joint filings necessitate a joint response by Ms. Capitani, they further bolstered the impression that the two Defendants were working in concert.

It is true that following trial, the Court found that "MBG and World of Miniature Bears are separate companies that serve different business purposes" and held that WMB had not infringed Ms. Capitani's copyrights based in part on what the Court found to be the credible

6

testimony of Ms. Yang and Mr. Nimeth. Docket No. 121, p. 8, 10-11, 15. But Ms. Capitani and her counsel did not have the benefit of this testimony (and the Court's conclusions) during the pendency of the litigation. It is clear from all the circumstances that the claims arose from the same core of facts such that it was reasonable for the efforts of Ms. Capitani's counsel to have been devoted to working on the case as a whole, rather than to claims against each Defendant separately. *See Jack Tyler Engineering Co., Inc. v. Environment-One Corp.*, Case No. 2:07-cv-2393-JPM-dkv, 2009 WL 2382256, at *3 W.D. Tenn. July 31, 2009). While MBG argues that Ms. Capitani should have dismissed her claims against WMB after discovery concluded and summary judgment motions were filed, it was reasonable for Ms. Capitani to maintain those claims (and possibly would have been professionally irresponsible for her counsel to dismiss them) following the Court's statement that "the summary judgment record suggests to the Court that either party could be successful at trial." Docket No. 91, p. 5. Further, it was generally reasonable for counsel to keep billing records that recorded total time spent on each task rather than assigning time to each Defendant.[2] The undersigned therefore recommends that Ms. Capitani's award of fees be calculated based on the hours worked on her case in total rather than an attempted approximation of hours worked relating solely to MBG.

### 2. The *Fogerty* Factors

As previously discussed, the non-exclusive list of factors set forth by the Supreme Court in *Fogerty* include frivolousness, motivation, objective unreasonableness, and the need to advance considerations of compensation and deterrence. *Fogerty*, 510 U.S. at 534, n.19. Ms. Capitani argues that all four factors weigh in favor of granting her fee request. Ms. Capitani

---

[2] As further discussed below, in some instances this was not a reasonable practice, and should affect the total amount of Ms. Capitani's fee recovery.

7

contends that MBG's defenses were frivolous because despite admitting to infringement, MBG did not make meaningful attempts to resolve the case and forced a trial, "where [MBG] only relied on the defense of res judicata (raised for the first time on the eve of trial and therefore, deemed waived), and the statute of limitation and first-sale doctrine defenses, which were clearly not applicable to [Ms. Capitani's] claims." Docket No. 135, p. 4. Additionally, Ms. Capitani asserts that "[t]he fact that MBG had absolutely no viable defenses can only lead to the conclusion that MBG's motivation for requiring [Ms. Capitani] to litigate her claims through trial was to needlessly run up [her] attorneys' fees and costs, or attempt to force [Ms. Capitani] to drop her claims." *Id.*

As to the other factors, Ms. Capitani contends that "[i]n addition to maintaining objectively unreasonable positions on settlement and its affirmative defenses, MBG took the unreasonable position that it believed the wall clocks to be licensed product. Yet, MBG did nothing to verify that the wall clocks were licensed and never inquired why the supposedly 'licensed' products contained no logo or copyright designation." *Id.* at 4-5. Ms. Capitani further contends that the Copyright Act's goal of rewarding creation by compensation of the author would be advanced by awarding her fees because the Court found that her copyright was violated. *Id.* at 5. She argues that the goal of deterrence would be furthered by requiring MBG to pay the fees, because "MBG was always on notice that if [Ms. Capitani] was successful, she may be awarded attorneys' fees." *Id.*

MBG does not dispute any of these contentions; therefore, the Court finds that the *Fogerty* factors weigh in favor of granting the request.

8

Case 3:19-cv-00120   Document 149   Filed 06/06/22   Page 8 of 15 PageID #: 2483

B. **Calculating Attorneys' Fees and Costs**

   1. **The Lodestar and Potential Departures**

Courts typically calculate reasonable fees using the "lodestar" method of multiplying the attorney's reasonable hourly rates by the reasonable number of hours spent working on the case. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551-52 (6th Cir. 2008). "There is a strong presumption that this lodestar figure represents a reasonable fee." *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995), *quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (internal quotation marks omitted).

After determining the lodestar amount, "the court *may* adjust the fee upward or downward to reflect relevant considerations peculiar to the subject litigation." *NAACP*, 2021 WL 4441262, at *3 (emphasis added), *quoting Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (internal quotation marks omitted). In *Hensley*, the Supreme Court held that when adjusting fees, the most important factor is the success a plaintiff has achieved:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation . . . . In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.
>
> . . .
>
> If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case

> with devotion and skill. Again, the most critical factor is
> the degree of success obtained.

*Hensley*, 461 U.S. at 435-36.

"But trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox*, 563 U.S. at 838. "The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection;" therefore, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.* A court may "attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 436-37.

MBG "does not contest the competency and skill of Plaintiff's counsel" and raises no issues related to counsel's hourly rate. Docket No. 141, p. 1. Instead, MBG maintains that Ms. Capitani's fees should be reduced because the amount she was ultimately awarded is significantly less than the amount of damages requested (characterizing the award as "nominal damages"). *Id.* at 6-7. MBG also appears to dispute the number of hours expended by Ms. Capitani's counsel, in that MBG accuses counsel of re-using work from a prior case and attempting to recover fees a second time in this one. *Id.* at 7-8. Finally, MBG contends that the fees requested should be reduced because Ms. Capitani's counsel did not adequately document their time. *Id.* at 5-6.

    a) **Damages Awarded**

As an initial matter, Ms. Capitani contests MBG's calculation of the damages requested, asserting that "[Ms. Capitani] did not demand $150,000 per infringed work . . . . Rather, [Ms. Capitani] requested that she be awarded statutory damages '*not to exceed* $150,000 per infringement per Defendant.'" Docket No. 144, p. 2, *quoting* Docket No. 1 (Complaint) (emphasis added in brief). Further, Ms. Capitani argues that even if she had demanded more

10

than she was awarded, that would not be a proper reason to reduce her attorneys' fees. *Id.* Ms. Capitani maintains that "transfixion on the damage amount in establishing fees would penalize those litigants whose cases carry slight pecuniary damages, but which present instances of significant statutory violations." *Id.* at 3, *quoting United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co., Inc.*, 732 F.2d 495, 503 (6th Cir. 1984) (internal quotation marks omitted).

Yet here, the Court did not find significant statutory violations. *See* Docket No. 121. Instead, while it found that MBG had infringed Ms. Capitani's copyrights, the Court awarded Ms. Capitani the statutory minimum for each copyrighted work infringed and specifically found that MBG did not infringe willfully. *Id.* at 21-24. In entering a "status quo injunction," the Court found that "at the time, MBG did not realize [the clocks] infringed on Capitani's copyright interests . . . And MBG neither intended to commit copyright infringement nor has expressed any willingness to sell infringing wall clocks in the future." *Id.* at 25. Although Ms. Capitani is clearly the prevailing party as to MBG, it would be hard to characterize her award of $750 per copyrighted work (the statutory minimum, out of a possible $150,000 per work) as an "excellent result." Where only partial success is obtained, the Sixth Circuit has held that:

> In such cases, we must address two issues: (1) whether the claims on which the plaintiff failed to prevail were or were not related to the claims on which he or she succeeded, and (2) whether the plaintiff achieved a sufficient degree of success to render the hours reasonably expended a satisfactory basis for awarding attorney fees. *Id.* at 434.

*Imwalle*, 515 F.3d at 552, *citing Hensley*, 461 U.S. at 434.

As previously discussed, the claims on which Ms. Capitani failed to prevail were certainly related to the claims on which she succeeded – in fact they were the same claims, brought against both Defendants but ultimately upheld against only one. Yet, Ms. Capitani

11

received only a minimal award due to all the circumstances of the infringement. For these reasons, the undersigned recommends a downward departure from the lodestar based on the less than excellent result of Ms. Capitani's claims. Such a reduction will further the goals of the Copyright Act "by striking a balance between two subsidiary aims: encouraging and rewarding authors' creations while also enabling others to build on that work." *Kirtsaeng*, 579 U.S. at 202.

### b) Work from Previous Litigation

MBG maintains that Ms. Capitani's fees should be reduced to account for "work reused and expended from previous litigation." Docket No. 141, p. 7. MBG requests that the Court "take into account the lack of effort and planning necessary where [Ms. Capitani] re-used exhibits and arguments from a prior case and was awarded attorneys['] fees and statutory damages in that matter." *Id.* at 8.

Ms. Capitani vigorously disputes these allegations:

> [Ms. Capitani's] counsel did not bill [Ms. Capitani] in this case for seeking out [MBG's] web advertisements (many of which also referenced co-Defendant World of Miniature Bears) used in *Capitani I* and Defendants have not cited a single time entry substantiating their false and egregious allegations. [Ms. Capitani's] counsel are well aware of their ethical obligations and at no time double-billed [Ms. Capitani] for time spent in *Capitani 1*.

Docket No. 144, p. 3.

While MBG points to the fact that at least one document used in this case is identical to one from Ms. Capitani's previous litigation, MBG does not connect this fact to duplicate billing by Ms. Capitani's attorneys. MBG has not identified any billing entries that appear to bill work in this case for that done in Ms. Capitani's previous litigation. *See* Docket No. 141. The Court has independently examined the billing records and sees no evidence of impropriety. In the

absence of any evidence to substantiate this serious accusation, the Court cannot find that Ms. Capitani's requested attorneys' fees should be reduced on this basis.

### c) **Documentation**

MBG contends that Ms. Capitani has not adequately documented her fees because she "failed to adequately document which time went towards which Defendant. Many of [her] entries reference 'Defendants' plural." Docket No. 141, p. 5 (footnote listing examples omitted). MBG further contends that Ms. Capitani "failed to include the total cost for each entry." *Id.*

"The party requesting fees bears the burden to submit adequate documentation of the hours reasonably expended." *NAACP*, 2021 WL 4441262, at *6, *quoting Plumbers & Pipefitters Local No. 396 Combined Fund v. State Line Plumbing & Heating, Inc.*, No. 4:10-CV-1936, 2011 WL 1769085, at *2 (N.D. Ohio May 9, 2011) (internal quotation marks and citation omitted). A party seeking fees must provide "billing time records that are sufficiently detailed to enable the courts to review the reasonableness of the hours expended." *Woolridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990). "[A] plaintiff has an obligation to provide documentation that at least allows the court to make a general assessment of the reasonableness of the hours claimed, in the context of ordinary conventions of attorney work logs." *NAACP*, 2021 WL 4441262, at *6.

As previously discussed, Ms. Capitani's counsel was justified in having formed the impression that both Defendants were working together in relation to the copyrighted works and in devoting effort to the case as a whole, rather than to each individual Defendant. Generally, the Court finds that counsel has met its obligation to provide "documentation that at least allows the court to make a general assessment of the reasonableness of the hours claimed, in the context of ordinary conventions of attorney work logs." *NAACP*, 2021 WL 4441262, at *6. But in some

13

instances, Ms. Capitani's counsel would have done better to identify which Defendant's pleadings and motions (such as Answers and Motions for Summary Judgment, which were filed separately by the individual Defendants) were the subject of specific attorney and paralegal time entries. This factor is also persuasive of a downward departure from the lodestar.

## 2. Assessing Costs

The Supreme Court has addressed the issue of awarding costs under Section 505, holding that "full costs" may only be awarded when they fall within "the six categories specified in the general costs statute, codified at [28 U.S.C.] §§ 1821 and 1920." *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S.Ct. 873, 876 (2019).

Ms. Capitani maintains that her requested costs ($3,748.54) "were reasonably and necessarily incurred in pursuing this case to a successful conclusion, and are the type of costs recoverable under the Copyright Act pursuant to [*Rimini*]." Docket No. 135, p. 6-7. MBG does not specifically argue that any of Ms. Capitani's claimed costs would not be properly awarded under the statutes, but does request "a similar reduction of costs [to that requested for attorneys' fees] to reflect the success of [Ms. Capitani's] claims." Docket No. 141, p. 5.

MBG does not point the Court toward any controlling case law indicating that a prevailing party's costs should be reduced on the basis of less than excellent results, and the Court is aware of none. Further, MBG does not contest the appropriateness of any of Ms. Capitani's claimed costs under the statutes. Therefore, the undersigned recommends that Ms. Capitani be awarded her costs in full.

## III. CONCLUSION

For the foregoing reasons, the undersigned recommends that Ms. Capitani's Motion (Docket No. 134) be GRANTED IN PART and DENIED IN PART. In the aggregate, the

14

factors considered above persuade the undersigned that Ms. Capitani's claimed attorneys' fees should be reduced. Considering all of the Parties' argument and evidence, the undersigned recommends a 25% reduction in the $214,737.50 of attorneys' fees claimed, for a total of $161,053.12. The undersigned recommends that Ms. Capitani be awarded her claimed costs in full: $3,748.54. In total, the undersigned recommends an award of attorneys' fees and costs to Ms. Capitani of $164,801.66.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**