UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DINA CAPITANI, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No. 3:19-cv-00120 |
| | ) |
| WORLD OF MINIATURE BEARS, INC., et al., | ) |
| | ) |
|    Defendants. | ) |

### ORDER

Before the Court is a Report and Recommendation ("R&R") (Doc. No. 145) recommending the Court grant in part and deny in part World of Miniature Bears, Inc.'s Motion for Attorneys' Fees (Doc. No. 128). Capitani filed an objection to the R&R, and World of Miniature Bears, Inc. ("WMB") did not file a timely response. For the reasons stated below, the R&R will be approved and adopted in part and set aside in part.

The Court will not repeat the entire factual background and procedural history of this case because it is aptly set forth in the R&R (Doc. No. 145 at 1–3). In short, Capitani brought this copyright infringement action against WMB and Minibeargems & Gifts, Inc. (Doc. No. 1 at 1); after a two-day bench trial, the Court determined that WMB was not liable, (Doc. No. 121 at 27). WMB filed the instant motion for attorneys' fees and costs pursuant to 17 U.S.C. § 505. (Doc. No. 128).

The Magistrate Judge recommended that WMB's motion should be denied in part and granted in part. (Doc. No. 145 at 1). In considering whether granting attorneys' fees was appropriate, the Magistrate Judge carefully walked through the factors established by the Supreme Court in <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517 (1994), and recommended denying WMB's request

for attorneys' fees because each factor weighed against WMB. (Id. at 5–8). Notably, WMB did not object to this recommendation or its rationale. Regarding costs, the Magistrate Judge recommended that certain costs, which are not recoverable pursuant to 28 U.S.C. § 1821 and 28 U.S.C. § 1920, should be denied and that $2,185.78 in other costs should be granted because Capitani did not address them in her opposition to WMB's motion. (Id. at 8).

Capitani objected to the Magistrate Judge's recommendation to award the $2,185.78 in costs, stating that she requested WMB's motion be denied in its entirety—including the request for costs—pursuant to the test the Supreme Court laid out in Fogerty and that it was "overlooked" because Capitani used "attorneys' fees" to mean both attorneys' fees *and* costs. (Doc. No. 147 at 2).

Although the Court does not encourage Capitani's shorthand, it agrees that her opposition (Doc. No. 140) addressed the $2,185.78 in costs at issue. The relevant heading in her opposition refers to WMB's motion as a whole, and she expressly mentions costs when discussing the relevant legal standard. (Id. at 2). Penalizing Capitani for omitting the word "costs" in a few sentences would be heavy-handed; WMB also omitted "costs" when referring to both attorneys' fees and costs. (See, e.g., Doc. No. 129 at 1 ("[WMB] moves the Court to provide attorney fees to the prevailing party. [WMB] requests attorney fees as prevailing party.")). Indeed, if the Court held the parties to a stricter standard, it would not award WMB costs because WMB made no mention of costs in its motion. (See generally Doc. No. 128 (moving *only* for attorneys' fees)).

Having opposed WMB's request for costs, Capitani in effect asks the Court to apply the Magistrate Judge's rationale for denying attorneys' fees under Fogerty equally to WMB's request for costs. (Doc. No. 147 at 2). Though the Supreme Court in Fogerty discussed the factors only in connection with attorneys' fees, 510 U.S. at 534 n.19, the Court agrees that the Magistrate

2

Judge's well-reasoned analysis using the Fogerty factors should inform how it exercises its discretion to award costs. See Bridgeport Music, Inc. v. London Music, U.K., 345 F. Supp. 2d 836, 842–43 (M.D. Tenn. 2004) (denying both costs and fees based on the Court's application of the Fogerty factors), aff'd, 226 F. App'x. 491 (6th Cir. 2007). WMB did not object to the Magistrate Judge's rationale for denying attorneys' fees or to Capitani's argument that it should apply equally to WMB's request for costs. See L.R. 7.01(a)(3) ("If a timely response is not filed, the motion shall be deemed unopposed, except for motions to reconsider for which no response shall be permitted unless ordered by the Court."). As a result, the Court will exercise its discretion to not award WMB the $2,185.78 in costs at issue.

For the foregoing reasons, the Court respectfully disagrees with the Magistrate Judge's recommendation to award WMB $2,185.78 in costs. Having carefully considered the Magistrate Judge's recommendations regarding attorneys' fees and other costs which were not objected to, the Court agrees with the recommended disposition. Accordingly, the Court orders as follows:

1. The R&R (Doc. No. 145) is **APPROVED AND ADOPTED IN PART** and **SET ASIDE IN PART**.

2. World of Miniature Bears, Inc.'s Motion for Attorneys' Fees (Doc. No. 128) is **DENIED**, as to attorneys' fees and costs.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE